If this had been a controversy between the plaintiff and the administrator of Raney, the declarations of the intestate would have been admissible in favor of the plaintiff, on account of the privity subsisting between the deceased and his representative. (1 Greenl. on Ev., § 189.) So if Raney were living and had been joined in the action with the present plaintiff, the declarations of either would have been good evidence against themselves to show that they were partners, and, after the partnership had been established, the declarations of either of the partners would have been admissible against them both. If the defendants could be considered as claiming title under Raney, the law of evidence, as understood in some courts, would admit the declarations of the former to be given in evidence to impeach the defendants' title. (1 Greenl. Ev., § 190.) But the cases in this state are the other way, and the question has been settled against the competency of such evidence in the court of last resort. (Paige
v. Cagwin, 7 Hill, 361, 369.) But the defendants in this action are not in privity with and do not derive their title from Raney. The partnership which the plaintiff alleges to have existed between himself and Raney, and the fact that the butter in question was the property of that firm, were facts that the plaintiff, under the issue, was bound to maintain against the defendants, who were not liable to account for the proceeds of the butter, except to the party who could make title to it as having been the owner when it was sold. The fact that it was forwarded to the defendants by the plaintiff was evidence bearing upon that question in his favor, but it seems that the defendants gave evidence tending to show the contrary, and to prove that the plaintiff acted in that respect on behalf of the estate of the deceased, Raney. Under this state of the controversy, I am clearly of opinion that it was not competent for the plaintiff to avail himself of the declarations of Raney. He stood in the relation of a stranger *Page 121 
to the defendants, and his declarations fall under the denomination of hearsay.
The judgment should be affirmed.
All the judges concurred except RUGGLES, J., who took no part.
Judgment affirmed.