# COURT OF APPEALS.

STEPHEN K. WILLIAMS, respondent, agt. SUSAN P. MANNING,. administratrix, &c., of JOHN MORRISON, deceased, appellant.

After dissolution, the letters of a former partner, not a party to the suit, are not. competent evidence against the other partner, who is sued alone, as admissions,. or as tending to prove general facts in the case.

As to such facts the partner not sued.is a competent witness, and must be called.

The plaintiff having averred his insolvency as a reason for not sueing him, cannot claim that he is a party in interest, and therefore, represents the solvent party.

Where an attorney collects a debt of less then $200 for absent clients, and so manages: the business as to involve his clients in six suits, with expenses of several thousand dollars, such facts are proper to be considered in fixing the amount of compensation to be recovered of the clients by the attorney.

*Argued January*, 1870, *and decided June*, 1870.

THIS is an appeal from a judgment rendered in favor of the plaintiff on a report of a referee.

The action was brought by Williams, an attorney and counsellor-at-law, to recover for services rendered to John Morrison and Alexander Morrison, and to obtain restitution of damages and expenses to which, as he claims, he had been subjected in their behalf, and against which, as he claims, they had indemnified him.

Williams collected about $175, on execution against one Sutherland, and paid over to Morrison and Son. The property was claimed, under two chattel mortgages, and six suits brought.

The whole amount of principal reported by referee for services, besides interest, was as follows:

In Ford & Rockwood agt. Williams, $1,331 95; Same agt. Kenyon, $106 29; Same agt. Morrisons, $106 15; in

Freeman, *et al.*, agt. Williams, $943 83; Same agt. Kenyon, $109 97; Same agt. Morrisons, $110 53. Total, $2,708 72.

The referee also allowed interest on that sum from February 23, 1863, to date of report, February 14, 1868,—$943 15.

The referee also allowed the plaintiff the sum of $836 59, being the judgment recovered against him by Ford & Rockwood, and interest thereon from June, 1862,—$331 98.

The whole sum reported against the defendant was $4,819 44,—on which, with interest and costs, amounting to $5,149 47, judgment was entered, June 30, 1868.

The case against Williams, went twice to the court of appeals, and is reported, (13 *N. Y.*, 577 ; 24 *N. Y.*, 359).

Ford & Rockwood finally succeeded in all three suits brought by them. Freeman failed in the three suits brought by him, but no costs have as yet been collected out of his estate by Williams.

John & Alexander Morrison dissolved partnership in December, 1848, shortly after the sale upon the original execution.

They authorized Williams as their agent to indemnify the sheriff, and managed the defense of the suits up to May, 1854. The letters up to that date to Williams were written in the name of John Morrison & Son, the old firm name. After that date, the letters were all written by Alexander Morrison in his individual name. He removed to Albany, in about 1855, and became insolvent in 1864.

The second trial in May, 1858, resulted in a judgment againsts Williams, and the defendant claims, that after that date, John Morrison never authorized the last appeal, or continued the litigation, but claims that Alexander proceeded on his own account.

John Morrison died in 1866, and this suit was begun June 25, 1867, against the administratrix, and Alexander was not made a party, because he was insolvent and never had been sued as survivor.

The defendant pleaded the statute of limitations, and claimed the cause accrued in May, 1858, when the judgment went against Williams on the second trial.

To show authority to bring the appeal, Williams gave in evidence, various letters written by Alexander in his own name. The latter was not called as a witness by either party, and the defendant's counsel objected to the letters of Alexander, and asked the referee to rule that his letters or admissions were not competent evidence against the defendant, but the referee ruled otherwise.

E. F. BULLARD, *for defendant and appellant.*
T. R. STRONG, *for plaintiff and respondent.*

GROVER, J.—Having come to the conclusion, that there must be a new trial for the reason that the referee erroneously received in evidence the letters of Alexander Morrison, as proof of the facts therein stated against the defendant, I shall not examine the other questions discussed by counsel, as they may be somewhat varied upon another trial, Alexander Morrison, although, a former partner of John Morrison, the defendant's intestate, against which firm the plaintiff claimed the indebtedness sought to be recovered in the action, was not a party. The action was brought against the defendant as the representative of John Morrison, deceased, to recover the debt from his estate, upon the ground that Alexander Morrison, the surviving partner was wholly insolvent. It is true, that the referee has found in effect, that none of the letters received in evidence were written by Alexander, after the plaintiff knew of the dissolution of the partnership. But this does not affect the question under consideration. · That is not whether John Morrison and his representatives are bound by a contract made by A. Morrrison, on behalf of the firm, but whether the admissions of Alexander either oral or written, are competent evidence against John Morrison or his rep-

resentatives in an action against him, or them, brought upon a claim against the firm. The elementary rule is, that the admissions of parties to the record, or of those represented by such parties only, are admissible.

The declarations of those having an interest in the subject matter litigated are equally incompetent with those who are disinterested. The party against whom such declarations are offered has the right to insist that the person making them, although interested, shall be introduced as a witness to prove the facts, and that he shall have the right of cross-examination, otherwise the most important rights might be lost without any chance of redress. The fact that Alexander was the former partner of John, and that his interest, if any, originated therefrom, does not affect the rule, or the reasons upon which it is founded. Alexander was a competent witness, and would have been prior to the statute obviating objections to his competency founded upon his interest. Under this state of facts, his declarations, either oral or written, were but mere hearsay, and incompetent. This precise objection was taken by the counsel for the appellant, and overruled by the referee. Under this ruling, a large number of letters were received, to some of which the objection was not renewed.

This was unnecessary after the referee had, by his ruling, settled the question that the letters of Alexander were competent evidence. Portions of the letter, showing an employment of the plaintiff by the firm, were competent. Other portions, stating facts showing, or tending to show, the extent of the plaintiff's services, the satisfaction of the firm therewith, or any other fact affecting the issue, except the making of contracts binding upon the firm were incompetent; and when the letters were offered in evidence containing incompetent matter, to which the proper objection was taken, it was error to overrule it.

There are exceptions to the rule excluding the declarations

Williams agt. Manning.

of those not parties, and those represented by parties, but the present case does not come within any of them.

For such exceptions see *Vrooman* agt. *King* (36 *N. Y.*, 477) ; *Brown* agt. *Mailer*, 12 *N. Y.*, 118 ; *Stark* agt. *Burrell* (6 *Hill.*, 405) ; *Paige* agt. *Cagwin* (7 *Hill*, 361). The incompetent evidence may not have affected the result, but it is impossible for the court to determine that it did not.

Upon this ground the judgment must be reversed, and a new trial ordered. While this court cannot entertain the question, whether the amount of the recovery was not excessive, I cannot abstain from the remark that upon a re-trial I should expect that the amount of the debt placed by the firm in the hands of the plaintiff, for collection, the amount collected, and paid over thereon ; the fact that the firm resided in a distant part of the state, and of necessity must have relied upon the advice and information of the plaintiff, in determining the course to be pursued ; the very serious litigation in which they became involved, and the disastrous result thereof, would be thoroughly consistent, in determining the amount that the plaintiff was reasonably entitled to recover for his services as attorney and counsel, if entitled to recover in this action. Therefore, I apprehend from the testimony in the case in connection with the amount of the recovery, that some of these considerations must have been overlooked by the learned referee in considering the case.

Judgment reversed, and new trial granted.