ORRIN W. GRAVES, ADMINISTRATOR, ETC., OF REUBEN GRAVES, DECEASED, RESPONDENT, *v.* OBADIAH KING AND PAMELIA KING, APPELLANTS.

*Declarations of deceased, inadmissible in favor of administrator.*

In an action by an administrator, with the will annexed, to recover property of the deceased from persons claiming to own it by virtue of a gift from the testator, declarations of the deceased, inconsistent with such claim, are not admissible in favor of the administrator.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, rendered at the Chautauqua Circuit, and from an order denying a motion for a new trial, made upon a case and exceptions.

*Cook & Lockwood,* for the appellants.

*Morris & Russel,* for the respondent.

NOXON, J.:

The plaintiff, Orrin W. Graves, as administrator, etc., of Reuben Graves, deceased, commenced this action in or about the year 1875, against the defendants, for the conversion of $5,050, in greenbacks and national currency and gold coin, alleged to be owned and possessed by Reuben Graves, deceased, at the time of his death, and claimed to have been converted after his death, in or about the month of July, 1873, in the county of Chautauqua. The defendants, by their answers, denied the complaint, and alleged that the property referred to in the complaint was, before

and at the death of said deceased, the property of said Pamelia King, and had ever since been owned and possessed by her. The issue thus joined was tried at the Circuit in Chautauqua county, in September, 1875, before the court and a jury of said county. It appeared on the trial that Reuben Graves died in March, 1873, at defendants' residence in said county, at the age of eighty-eight years; that he left a will executed in the State of Indiana, where he resided, bearing date August 30, 1869, admitted to probate in said State in May, 1873, and that in July, 1873, letters of administration with the will annexed were granted to the plaintiff by the surrogate of Chautauqua county. The deceased came to the residence of the defendants about October 23d, 1872, and resided there until his death, about March 1st, 1873, the defendant Pamelia, was the daughter of the deceased and wife of the defendant, Obadiah King. The proofs of the defendants tended to show that the property in question was delivered and given to the defendant Pamelia King, as a gift for her use and benefit, and that he gave it to her for what she had done, and what she had yet to do for him. The proofs of the plaintiff tended to show that the transaction at the time the gift was claimed to have been made did not take place, and also to show the mental weakness and incapacity of the deceased at the time of the alleged gift, and the proofs by the defendants tended to show the contrary. Upon the close of the evidence the case was submitted to the jury, and, after retiring and deliberation, the jury rendered a verdict for the plaintiff of $4,730.04, upon which judgment was entered and a case and exceptions made by defendants. An appeal from the judgment and an order entered denying a motion for a new trial, was taken to the General Term of this court. The principal questions, raised upon the appeal, relate to objections and exceptions taken to the ruling of the court by the defendants, upon the offer and introduction of evidence allowed on behalf of the plaintiff, and disallowed as to the defendants.

There are two important questions of evidence raised by defendants; the first one relates to the testimony of Obadiah King, called by the defendants. The defendants' counsel asked the witness: Do you know anything about this $5,050 ? Plaintiff objects, that witness is a party defendant, and that the liability of the

husband for the torts of the wife still exists, notwithstanding the statute. The court held that the witness was incompetent to testify as to personal transactions between deceased and himself, but might testify as to any transactions between the deceased personally and his wife. The plaintiff and defendants both except. The defendants then proposed to examine the witness as to personal transactions which took place between himself and the deceased on behalf of his wife; plaintiff objects as before, objection sustained by the court, and evidence excluded and defendants except.

The objection by the plaintiff as to whether the defendants knew anything about the $5,050 was clearly not good. The objection was, the witness was a party defendant, and that the liability of the husband for the torts of the wife still exist, notwithstanding the statutes. There is no reference made in the objection to the provision of section 399 of the old Code, and that objection, not being taken in the court below, cannot generally be raised on the appeal. But the witness was allowed to answer. The court properly held that the witness was incompetent to testify as to personal transactions between the deceased and himself, but might testify as to any transactions between the deceased, personally, and his wife. Up to this point there was no error committed by the court of which defendants could complain. The defendants then proposed to examine the witness as to personal transactions which took place between the witness and the deceased, personally, on behalf of his wife. The plaintiff objects the same as before. The court, at this point in the case, understanding that the objection raised related to the competency of the witness, under section 399 of the Code, excluded the evidence. It is true there are cases holding that an objection not taken at the trial must be regarded as waived under certain circumstances. Such was the case of *Clark* v. *Bruce* (12 Hun, 272). But in this case the decision of the court was right, under the law, as it then existed, and from the manner in which the question arose and was decided, the court must have understood the objection to be that the party was not competent to testify under the provisions of the Code.

The next objection and exception arises upon a question put to

Orrin W. Graves, the administrator of Reuben Graves, by plaintiff's counsel, as follows: What reason did he (Reuben Graves) give why he gave his property to his grand-children, instead of his children? The witness had already stated that he had a talk frequently with him (Reuben), after he made his will, up to about one year and a half before he came to Chautauqua, why he made his will as he did. The defendants objected, on the ground, first, that the declaration of the deceased against these defendants, made at that time was inadmissible; second, improper evidence to affect the rights of the defendants; third, the declarations of the deceased are not admissible in favor of the plaintiff. The court overruled the objections and the defendants excepted, and the witness then stated the reason given by the deceased. The statements allowed to be given were the statements and declarations of the deceased in favor of the administrator in this action, against the party claiming title and ownership of the property in question.

The rule is well settled, by abundant authority, that the defendants in this action could have given the declarations of the deceased against the plaintiff in the action; and, on the other hand, the general principle applicable to the character of the testimony offered is just as clearly settled against the admission of the testimony in favor of the administrator.

The case of *Chase, Ex'r,* v. *Ewing,* decided at General Term of this court, in 1868, holds, in the opinion of JOHNSON, J., all concurring, "that the conversations and declarations of a testator, in favor of the executor in actions between him and third persons, are never allowable, unless under some peculiar circumstances forming an exception to the general rule." In *Brown, Surv.,* v. *Mailler* (12 N. Y., 118), it is held that the declarations of the intestate, touching the title to personal property, are evidence against his administrator, but not competent evidence against other parties who claim title under the deceased. The same rule is laid down in Cowen and Hill's notes to Phillips' Evidence, and in Greenleaf on Evidence. The testimony thus given was not admissible as an exceptional case. No limit was fixed that the evidence should not apply generally in the case. The evidence thus given might, and probably did, have an important bearing upon the minds of the jury.

The statement of the deceased, as a reason why he had made a will providing for his grand-children instead of his children, was a statement which might induce the jury to conclude that no change had taken place in his mind, although eighteen months had expired, when the gift was claimed to have been made. And thus this evidence, which was inadmissible on the question relating to the gift of the property, may have had a controlling influence on the minds of the jury. This evidence was incompetent, and the order and judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

Present—TALCOTT, P. J., and NOXON, J.; SMITH, J., not sitting.

Judgment and order reversed, and new trial granted, costs to abide event.