did it not appear that the new cause of action so to be set forth had, since the service of the summons in this action become barred by the statute of limitations. The cause of action to be set forth in the proposed amended complaint accrued on December 17, 1902, and is of such a kind that under the statute (Village Law [Laws 1897, p. 453, c. 414] § 322) it must be commenced within one year from that date. The summons in this action was served within that year, but the action set forth in the complaint accompanying it was not at all based upon the facts which the amended complaint will contain. No action upon such facts has ever been commenced. By thus substituting for the action originally brought, and in which this summons was issued, a new and distinct cause of action, which is already barred, the defendant is deprived of that defense. "That would be to allow, not an amendment, but a new action under the guise of an amendment, and thus to deprive a party of his plea of the statute." See Logeling v. N. Y. Elevated R. R. Co., 5 App. Div. 198, 201, 38 N. Y. Supp. 1112. See, also, Quimby v. Claflin, 27 Hun, 611.

For these reasons I am of the opinion that no permission to apply for leave to amend should be granted by us.

---

(97 App. Div. 434.)

SCHEPS v. BOWERY SAV. BANK et al.

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. GIFTS—EVIDENCE—DECLARATIONS OF DECEASED PERSON.

Declarations of an alleged donor causa mortis, made after the gift, are incompetent for the purpose of defeating the donee's claim to the property so given.

Appeal from Special Term, Kings County.

Action by Toni Scheps against the Bowery Savings Bank and others. From a judgment in favor of defendants, and from an order denying plaintiff's motion for a new trial on the minutes, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

A. B. Schleimer, for appellant.
George L. Robinson, for respondents.

HIRSCHBERG, P. J. The issue between the parties to this appeal relates to the title to a savings bank book and the money represented by it on deposit with the defendant the Bowery Savings Bank. The appellant claimed under an alleged gift causa mortis, and proved that the book was delivered to her by the deceased on February 7, 1903. She undoubtedly retained possession of it until after the death of the deceased, which occurred in a hospital on March 26, 1903. The respondent claims as next of kin of the deceased. The question whether a gift had been made to the appellant was submitted to the jury by the learned trial justice, and answered in the negative, and the finding of the jury was adopted by the court. The main evidence, however,

¶ 1. See Evidence, vol. 20, Cent. Dig. § 867.

offered by the respondent in order to rebut the prima facie case established by the appellant, consisted of declarations made by the deceased after he had delivered possession of the book, tending to prove that he still claimed to own it, and that he had only parted with the possession in order to procure cheaper board at the hospital than he would have been able to do with the book in his possession. The reception of this evidence was error, as it is well settled that the declarations of a grantor of real estate or a donor or assignor of personal property, made after a deed, gift, or sale, are incompetent and ineffective for the purpose of defeating the claim or title of the grantee, donee, or assignee. Brown v. Mailler, 12 N. Y. 118; Van Gelder v. Van Gelder, 81 N. Y. 625; Williams v. Williams, 142 N. Y. 156, 36 N. E. 1053; Lent v. Shear, 160 N. Y. 462, 55 N. E. 2; Wangner v. Grimm, 169 N. Y. 421, 62 N. E. 569; Van Arsdale v. Buck, 82 App. Div. 383, 81 N. Y. Supp. 1017. Even assuming that the verdict of the jury is to be regarded as advisory, and not controlling, we cannot but believe that the finding of the learned trial court was influenced by the improper evidence, and that, had it been disregarded, a preponderance of the competent evidence might have been found to be in the appellant's favor.

The judgment and order should be reversed.

**Judgment and order reversed, and new trial granted; costs to abide the event. All concur.**