Sarah E. Kelly, Appellant, v. Franklin B. Beers et al., as Executors of Kate V. Beers, Deceased, Respondents, and The Albany Savings Bank, Defendant.

Will — gift of savings bank deposit.

An attempt to dispose of property by will is not sufficient to revoke prior intention and consummated acts. The fact that a mother assumed by her will to give a deposit in a savings bank to her daughter, which gift had already been accomplished by the form of a savings bank deposit, does not contradict the intent or affect the act of the mother in making the deposit.

*Kelly* v. *Albany Savings Bank*, 124 App. Div. 917, reversed.

(Argued December 14, 1908; decided January 5, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered February 25, 1908, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

This action was brought to establish plaintiff's ownership of a deposit in the defendant Albany Savings Bank payable to her mother, Kate V. Beers, or to the plaintiff or survivor.

The facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* for appellant. When testatrix delivered the written order or direction to the bank, and the bank in turn delivered to testatrix and appellant the pass book indicating the joint ownership of the account, and appellant, in the presence of testatrix, signed the depositors' signature book upon the same line upon which testatrix's signature had been placed, a written contract was completed among the parties which could not be affected by parol. (*Humphreys* v. *N. Y. L. E. & W. R. R. Co.*, 121 N. Y. 435.) If the contract among the parties be not in writing, plain and unambiguous, the written order and the form of the account conferred upon plaintiff a *prima facie* title to the moneys so deposited, which is not overcome by any proofs indicating a purpose not to pass title. (*Hallenbeck* v. *Hallenbeck*, 103 App. Div. 107.)

*William P. Rudd* and *Milton H. Merwin* for respondents. The findings of the court as to the intent of Mrs. Beers at the time of the change in the heading are supported by evidence. (*Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520.)

HISCOCK, J. It was practically assumed on the argument that our decision in this case would be governed by the conclusions which we might reach in the *Home Savings Bank Case*, decided at this term (*ante*, p. 49), and we think that this assumption was proper.

There seem to be only two particulars of any importance in

which the evidence in this case differs from that produced in the other one.

In this case the form of the deposit, which originally stood in the name of Mrs. Beers alone, was on or about May 4, 1897, changed by adding words to the heading of the pass book and to the title upon the bank books making the account payable to Mrs. Beers " or Sarah E. Kelly, her daughter, or survivor." This was done under a written direction to the bank to " add the name of my daughter, Sarah E. Kelly, as owner and creditor with me of all moneys heretofore or which may hereafter be deposited in said bank under this account, No. 112086, together with all the interest which has been or which may hereafter be credited to the said account, with full authority for each or either of us, or the survivor of us, to draw out from the said bank the whole or any part of such moneys or such interest."

After this change was made a new codicil to a former will and a new will were made and executed by Mrs. Beers, both of which referred to her savings bank deposits, the first one revoking a former legacy to her daughter, and in lieu thereof giving her " all and whatever money I shall at the time of my decease have on deposit in the Albany Savings Bank." It appeared that the deposit in suit was the only one which the testatrix then or thereafter had in said bank.

It does not seem to us that these differences are sufficient to warrant any different result than that reached in the other case.

The circumstances under which the change in the form of the deposit was made seem to be a little more favorable to the appellant in this case than in that, for here the order directing the change expressly and specifically requests that the appellant shall be made " owner " and " creditor " (as against the bank) of all moneys then or thereafter deposited. This, with the form of the account, seems to make the appellant a joint owner almost beyond the chance for debate.

The codicil especially referred to was executed in 1900, after the deposit involved in this action was made, and while

in that respect and in respect to the mention of deposits in the Albany Savings Bank it is a little more favorable to the respondents than were the wills and codicils as involved in the *Home Savings Bank Case,* we do not think that it has the effect to destroy or impair the intent actuating the deceased when she made the deposit, or to revoke the acts then performed in consummation of such intent. The mere fact that the mother assumed by her wills to accomplish the same purpose in giving this deposit to her daughter at her death, which had already been accomplished by the form of the savings bank deposit, does not of itself contradict her intent in making the deposit, but in fact supplements it in one respect.

The further fact that she disposes of moneys as those which she may have on deposit in the defendant bank at the time of her decease, it appearing that she did not have any deposit other than that claimed by appellant, is not in my opinion sufficient to raise an issue of fact in respect to her intent in making such latter deposit. In the first place, such testamentary provision might be drafted as a matter of precaution to cover any new deposit which she might make before death, or, as a matter of precaution to secure her purpose of having the daughter take the moneys at her death in case the arrangement at the bank should fail. Various motives might influence her, and I do not think that any such subsequent indeterminate act is enough to cloud a purpose or offset acts so clearly, deliberately and completely formed and executed as were those of deceased in respect to the bank deposit. But if we should assume that when the testator made these provisions she did have in mind this deposit and did intend to treat it as still so far subject to her control as to be a matter of testamentary disposition, in my opinion such attitude would not be enough to revoke her prior intention and acts already consummated in a legal and effective form, especially in view of the fact that no attempt was made directly to revoke them down to the time of her death. I see no difference in this respect between a case of consummated gift of a deposit and one of a trust in and of such a deposit, as protected from sub-

sequent declarations and acts. (*Mabie* v. *Bailey*, 95 N. Y. 206; *Scheps* v. *Bowery Sav. Bank*, 97 App. Div. 434; *Robinson* v. *Appleby*, 69 App. Div. 509; affirmed, 173 N. Y. 626.)

The judgment should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and WERNER, JJ., concur; CHASE, J., not sitting.

Judgment reversed, etc.