FRANK L. TIERNEY, Appellant, v. MARY FITZPATRICK, as Executrix of LAUNCELOT J. TIERNEY, Deceased, Respondent.

Trust — deposit in savings bank in trust for another — when declarations of depositor inadmissible as against person for whose benefit deposit is alleged to have been made.

Where the issue litigated is whether a tentative trust in favor of the plaintiff, evidenced by the deposit of money in a savings bank by the defendant's testator as trustee for the plaintiff had become irrevocable by the death of the depositor without revoking the trust, it is error to admit evidence of declarations made by the depositor, after the money had been placed in the savings bank, to the effect that the reason he had opened the account in trust for the plaintiff was that he already had as much money in the bank as he was permitted to have in his own name, and that he adopted this course in order not to lose his interest. (*Kelly* v. *Home Savings Bank*, 103 App. Div. 141, followed.)
*Tierney* v. *Fitzpatrick*, 122 App. Div. 623, reversed.

(Argued March 18, 1909; decided June 8, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 10, 1908, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abraham Gruber* and *T. B. Chancellor* for appellant. The trial court erred in admitting the testimony of defendant's husband as to certain declarations made by Launcelot Tierney. (*Scheps* v. *B. S. Bank,* 97 App. Div. 434; *Kelly* v. *H. S. Bank,* 103 App. Div. 141.)

*Louis H. Hall, Henry B. Twombly* and *Richard B. Kelly* for respondent. The testimony of Francis Fitzpatrick as to declarations made by Tierney to him was properly received. (*Adams* v. *Davidson,* 10 N. Y. 309; *Levy* v. *Hamilton,* 68 App. Div. 277; *Loos* v. *Wilkinson,* 110 N. Y. 195; *Newlin* v. *Lyon,* 49 N. Y. 661; Wigmore on Evidence, § 1779.)

WILLARD BARTLETT, J.  The principal issue litigated in this action was whether a tentative trust in favor of the plaintiff evidenced by the deposit of money in a savings bank by the defendant's testator as trustee for the plaintiff had become irrevocable under the doctrine of *Matter of Totten* (179 N. Y. 112).

To show that it had never been the intention of the defendant's testator to establish any trust at all, the defendant was allowed, over the plaintiff's objection and exception, to give evidence of declarations made by the depositor after the money had been placed in the savings bank to the effect that the reason he had opened the account there in trust for the plaintiff was that he already had as much money in the bank as he was permitted to have in his own name, and that he adopted this course in order to get his interest and not lose it.

This declaration was not a statement made contemporane-

ously with some act, and which might be regarded as properly receivable as characterizing such act. It was a declaration in reference to a past event introduced for the purpose of rebutting the inference of the establishment of a tentative trust arising out of the act of the declarant in making the deposit expressly in trust for the plaintiff.

Such a declaration is not admissible for such a purpose. "Statements made by the transferror of realty or of personalty, after transfer of title, are not receivable as admissions against the transferee." (2 Wigmore on Evidence, § 1085.) There are few rules in the law of evidence which are of more frequent application than this. It is abundantly sustained by authority in this and other states. A recent instance of its application in the case of personal property can be found in *Wangner* v. *Grimm* (169 N. Y. 421, 431), where the general rule in New York is stated to be that the former owner of a chattel or chose in action who has transferred his interest to another cannot by subsequent admissions affect the right of the owner or holder. It has been applied by the Supreme Court in cases involving the title to savings bank deposits in *Scheps* v. *Bowery Savings Bank* (97 App. Div. 434) and *Kelly* v. *Home Savings Bank*, (103 App. Div. 141), in the latter of which it was expressly held that statements made by the depositor after the deposit were incompetent for the purpose of defeating the title of one claiming to be the donee of the money deposited.

The declarations of the plaintiff's testator in the present case, which were received by the trial court in disregard of this rule, bore so directly upon the determination of the issue submitted to the jury that we are unable to say that the evidence did not affect the result. We are of opinion, therefore, that the error entitled the plaintiff to a new trial.

The judgment should be reversed and a new trial granted, costs to abide the event.

Cullen, Ch. J., Haight, Vann, Werner, Hiscock and Chase, JJ., concur.

Judgment reversed, etc.