THOMAS v. NEWBURGH SAVINGS BANK et al.

(Supreme Court, Special Term, Orange County. August 4, 1911.)

1. TRUSTS (§ 34*)—CREATION—EXPRESS TRUSTS—INTENT OF DONOR.
   Where one deposited money in a savings bank in his own name in trust for another, the question whether a complete and irrevocable trust was created depends upon the intent of the donor.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.*]

2. TRUSTS (§ 34*)—CREATION—EXPRESS TRUSTS—INTENT OF DONOR.
   Where a deposit is made by one person in trust for another, and the depositor dies without signifying his intentions as to the deposit, such deposit becomes an irrevocable trust; it being presumed that the depositor intended to create such a trust.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.*]

3. TRUSTS (§ 34*)—CREATION—EXPRESS TRUSTS—DELIVERY OF DEPOSITOR.
   Where a deposit is made by one person in trust for another, and the depositor delivers the passbook to the cestui que trust or makes an explicit declaration of trust, the trust becomes absolute and irrevocable.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.*]

4. TRUSTS (§ 34*)—CREATION—EXPRESS TRUSTS—TENTATIVE TRUST.
   Where a deposit was made by a son in his own name and in trust for his mother, and the son retained the passbook and collected the interest upon the deposit, and attempted to dispose of it by his will, such a deposit did not become an irrevocable trust in favor of the mother, but was only a tentative one, so that the son could dispose of the fund by his will.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.*]

Action by Mary Thomas against the Newburgh Savings Bank and others. Judgment for defendants.

Graham Witschief, for plaintiff.
James M. H. Wallace (Charles W. U. Sneed, of counsel), for defendants.

TOMPKINS, J. The undisputed facts in this case are that on October 28, 1889, John Henry Thomas, the testator, opened a savings account in the Newburgh Savings Bank, in his own name, and thereafter from time to time and until December, 1907, deposited va-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

rious amounts of money in said account until upon January 1, 1908, the balance to his credit amounted to about $3,000, which was the maximum of deposits that the said savings bank would carry in any one account and pay interest upon.

On the 3d day of February, 1908, the said Thomas opened a second savings account in the same Newburgh Savings Bank, in his own name in trust for his mother, the plaintiff herein, which account appears upon the books of the bank and the passbook in the following words, "John Henry Thomas in trust for Mary Thomas," and which is No. 74,404.

Thereafter from time to time until December 30, 1909, the said Thomas made deposits to the credit of the last-mentioned account until said account amounted to $3,000.44. No further deposit was made in this account. On the said 30th day of December, 1909, when he made his last deposit in account No. 74,404, he opened a third account in said Newburgh Savings Bank in his own name in trust for his sister, Mary Jane Garforth, and thereafter from time to time and until his death, which occurred on the 16th day of June, 1910, he made various deposits in said account, which at the time of his death amounted to a little more than $1,000.

The said John Henry Thomas left a last will and testament which was executed on the 2d day of June, 1910, by which he appointed the defendant Isaac Wiley his executor, and which will was duly admitted to probate by the Surrogate's Court of Orange County, and contained the following provision:

"Second, I give, devise and bequeath to my mother, Mary Thomas, the sum of money now on deposit in the Newburgh Savings Bank in an account in the name of John H. Thomas in trust for Mary Thomas, the said Mary Thomas to have the interest on the same during the term of her natural life, and then the said account I give and bequeath to my sister, Mary J. Garforth."

This action is brought by the plaintiff, the mother of the testator, to recover all of the moneys on deposit in the Newburgh Savings Bank to the credit of the said account No. 74,404; she claiming that her son, the testator, by opening the said account in his name in trust for the plaintiff, created an absolute and irrevocable trust in her favor. The bank books for both these two accounts, upon their face appearing to be in trust respectively for the testator's mother and sister, were retained by the testator, and were always in his possession, and never delivered to either mother or sister. Interest upon both accounts was withdrawn by the testator from time to time.

The question at issue upon those undisputed facts is whether there was an absolute and irrevocable trust created by the testator in favor of his mother, the plaintiff, or whether the trust was a tentative one only, and never consummated. It seems to me that this question must be answered against the plaintiff. The facts do not show an intention on the part of the decedent to create a complete and absolute trust in favor of the plaintiff. On the contrary, all the circumstances, taken together, clearly indicate to me a contrary intention, and a purpose on the part of the depositor to keep his money on deposit in the one savings bank for his own benefit and under his own control, and to be

disposed of by his last will and testament, dividing such moneys and keeping them in separate accounts in said savings bank, in order that he might earn and receive the regular bank interest on all such moneys.

[1] It is the intention of the decedent, as indicated by his acts and conduct, that must determine whether there was a complete and irrevocable trust created. There have been many conflicts in the opinions of the courts of our state upon this question. It seems, however, to be now well settled that, to constitute a trust such as is claimed by the plaintiff to have been created in this case, there must have been an explicit declaration of trust, or circumstances which show beyond a reasonable doubt that a trust was intended to be created, and I believe the correct rule to be that where such intention is clear—where, in other words, a complete trust has been created, either by a declaration or by acts indicating such an intention, such as the delivery of a bank book—the depositor cannot thereafter by any act revoke such trust.

In Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, the Court of Appeals, after reviewing the many conflicting decisions upon the question, laid down the following rule, which was intended to settle the conflict of authorities, and fix a rule for the courts of this state to follow thereafter:

"After much reflection upon the subject, guided by the principles established by our former decision, we announce the following as our conclusion: A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as the delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary, without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

The one thing that is made clear by this decision in the Totten Case is that it is the intention of the depositor that determines whether the account was opened as a tentative or consummated trust, and, further, that the mere opening of an account by one person in trust for another does not create a consummated trust prior to the death of the depositor, in the absence of any evidence showing the intention of the depositor to do so. In the Totten Case, supra, the depositor who died intestate had opened a savings bank account in his own name in trust for the claimant, and had during his lifetime drawn various sums of money therefrom, without having made any declaration of trust other than that of opening an account in the form in which it was opened, and without any acts on his part indicating an intention to create an irrevocable trust, and without any act or word of disaffirmance or revocation. After his death an action was brought to recover from the estate of the intestate and the depositor the amounts withdrawn by him during his lifetime, and the Court of Appeals reversed the judgment of the Appellate Division, which affirmed a judgment in favor of the plaintiff, holding that such trust was tentative only during the lifetime of the depositor, and was revocable by him

at any time before his death, and that he had a right to withdraw moneys therefrom.

In the case of Tierney v. Fitzpatrick, as Executrix, etc., 195 N. Y. 433, 88 N. E. 750, cited by plaintiff's counsel, the Court of Appeals held that where the issue litigated is whether a tentative trust in favor of the plaintiff, evidenced by the deposit of money in a savings bank by the defendant's testator, as trustee for the plaintiff, had become irrevocable by the death of the testator, without revoking the trust, it is error to admit evidence of declarations made by the depositor after the money had been placed in the savings bank to the effect that the reason that he opened the account in trust for the plaintiff was that he already had as much money in the bank as he was permitted to have in his own name, and that he adopted this course in order not to lose his interest.

This decision is only to the effect that a statement not made contemporaneously with the act creating the trust was inadmissible, for the purpose of rebutting the evidence of the establishment of a tentative trust, arising out of the act of the declarant, in making the deposit expressly in trust for the plaintiff. It was merely the reiteration of an old rule of evidence, and reversed the judgment of the Appellate Division because of the admission by the trial court of that improper evidence on the question of the testator's intent in opening the bank account; but it appears from one of the opinions rendered in that case by the Appellate Division of the First Department, and it is nowhere contradicted, that there was evidence of the delivery of the passbook by the testator and depositor to the plaintiff, and other evidence of admissions and declaration tending to show that he had established the trust for the benefit of the plaintiff. So that the effect of the decision of the Court of Appeals in the Tierney Case, supra, was not that an irrevocable trust had or had not been created in that case, but that the judgment below, affirming a judgment in favor of the defendant, in which it was found that there had been no irrevocable trust, should be reversed because of the admission of the improper evidence above referred to.

Without reviewing the other authorities that bear one way or the other upon the questions at issue, my conclusions, after a careful consideration of them, are:

[2] First. That where a deposit is made by one person in trust for another, and nothing is done or said affecting the account, and the depositor dies leaving the deposit in that form, and making no disposition of it by his will, the inference is that he intended to create a trust in favor of the person named by him as the beneficiary of the account.

[3] Second. Where such a deposit is made, and there is a delivery by the depositor of a passbook or other statement showing the account, or some other act or word showing an intention to create a complete trust, or where there is an explicit declaration of trust, then such trust becomes complete and absolute during the lifetime of the depositor, and is irrevocable by him either during his lifetime, or by the terms of a last will and testament.

[4] Third. Where there is no declaration of trust or other act or word indicating an intention to create an absolute trust, and the only thing done is the making of a deposit, then the making of the deposit is a tentative trust only, and not a consummated one, and is revocable by the testator during his lifetime.

In the case at bar, there was no delivery of the passbook, and no word by the depositor indicating an intention to create an irrevocable trust. On the contrary, he retained the passbook in his own possession, and from time to time withdrew the interest that was earned by the account, and kept it for his own use. And then about two years after opening the account, and without making any statement or performing any act from which an inference might be drawn that he intended to create an irrevocable trust, he executed his last will and testament, by which he specifically bequeathed the account in question to his mother and sister.

These facts and circumstances seem to me to lead irresistibly to the conclusion that the testator never intended to create an irrevocable trust, and that the most that he did was to establish a tentative trust, which he during his lifetime did not by any act or word complete or consummate, and that he had a right to disaffirm or revoke such tentative trust, and that he did so by the execution of his last will and testament. If the testator had died without making his last will and testament, or doing any other act showing a contrary intention, it would have been inferred that he had intended to create a trust in favor of the plaintiff.

This seems to be the rule that was followed by the Appellate Division of the Second Department, in the case of Beakes Dairy Company v. Berns, 128 App. Div. 137, 112 N. Y. Supp. 529, by which decision that court endeavored to follow the rule laid down by the Court of Appeals in the Totten Case, supra.

The plaintiff's counsel cites the case of Kelly v. Beers, 194 N. Y. 60, 86 N. E. 985, in support of his claim that the last will and testament executed by Thomas was not sufficient to revoke the tentative trust created by the making of the deposit. That case, however, is not analogous. There, there was an express written declaration made by the decedent, which the Court of Appeals held constituted a complete gift. In that case the decedent's intention was expressly declared at the time she made the deposit to the credit of her daughter, and the court held that her act in making the deposit was performed in consummation of her declared intention. In other words, the court held that the consummated acts of the decedent during her lifetime could not be revoked or destroyed by her last will and testament.

The distinction between that case and this is that here there was no consummated gift or trust, but a tentative one only, which was never made absolute during the lifetime of the depositor, and was expressly revoked by his last will and testament; and, further, the depositor's conduct at the time the account was opened, and thereafter, and the fact that he opened still another account in trust for his sister when the first two, one in his own name, and the other in trust for the plaintiff, had each reached the $3,000 limit, indicates not an intention

to give the moneys to his mother and sister, but to provide means whereby he, himself, could have the benefit of the interest that was paid by the savings bank upon individual accounts, and of avoiding the effect of the $3,000 rule that was enforced by the bank.

The defendants are entitled to judgment upon the merits, with costs.