SCHMIDT v. SCHWEITZER.

(Supreme Court, Special Term, Erie County. August, 1912.)

1. TRIAL (§ 54*)—RECEPTION OF EVIDENCE—ADMISSIBILITY FOR PARTICULAR PURPOSE.

Where, in an action to determine title to a piano, a will was introduced for the sole purpose of showing that the plaintiff had acquired such rights as the testator had in the piano, such evidence is effective for no other purpose.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 126–128; Dec. Dig. § 54.*]

2. EVIDENCE (§ 233*)—ADMISSIONS—DEROGATION OF TITLE.

In an action to determine title to a piano, brought by a devisee against one who claimed the instrument under a gift inter vivos from the testator, testimony of the person drawing the will that the testator told him he wished to bequeath the piano to the plaintiff, and assumed the right to do so, was inadmissible, as statements of a donor, made after delivery to the donee, in derogation of title.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 866–868; Dec. Dig. § 233.*]

3. APPEAL AND ERROR (§ 1170*)—OBJECTIONS BELOW—RENDERING JUDGMENT ACCORDING TO JUSTICE OF CASE.

Under Code Civ. Proc. § 3063, which provides that the appellate court may render judgment according to the justice of the case, without regard to technical errors or defects, which do not affect the merits, etc., and that, where the judgment is contrary to or against the weight of evidence, the appellate court may, upon reversal, order a new trial before the same or another justice, where the only evidence in support of the judgment was inadmissible, and even with it in the weight of evidence was clearly in favor of appellant, who asked reversal on that ground, the appellate court must reverse, though there was no objection below to the improper evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from City Court of Buffalo.

Action by Jennie Schmidt against Adelaide Schweitzer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank Harding, of Buffalo, for appellant.

M. A. Gearon, of Buffalo, for respondent.

WHEELER, J. One Charles Bischoff bought and paid for the piano in question, and had owned it for some time prior to the alleged gift by him to the defendant in this action. He was engaged to be married to the defendant, and it is claimed by the defendant that on one of her birthdays he made a present of the piano to her.

The testimony on the part of the defendant to establish this gift was given by her mother and two brothers, to the effect that, shortly prior to the birthday in question, Bischoff asked the mother if he might make a present of the piano to the defendant; that she at first hesitated, and asked him if he knew what he was doing, to which he replied that the piano was bought and paid for by him, and he had a right to do with it what he pleased; that she then assented; that he gave her money to pay for the carting, and it was brought to the defendant's house on her birthday, and remained in her possession until the donor's death. The defendant also showed, by the testimony of a friend of the donor, that he had declared to him his intention of making a present of the piano to his fiancée, and by an insurance agent, who issued a policy of fire insurance, that after the arrival at the defendant's house the donor procured from him a policy of fire insurance covering the piano and other furniture, for the benefit of the defendant's mother and other members of the family, and in the negotiations for the insurance particularly mentioned the piano as property desired to be covered. Such evidence certainly made out a pretty clear case of a gift of the piano in question to the defendant.

It appears, however, that some time after these transactions, and while the piano was in the actual possession of the defendant, Bischoff, the donor, was taken sick; that he then made his will, and in and by that will he specifically bequeathed the piano in question to his sister, who is the plaintiff in this action. The plaintiff also called as a witness the person who drew the will, who testified that the testator stated to him that he wished to give the piano to his sister, as he thought he should, in appreciation of the kindness shown him by her in his illness.

[1] The testimony of these witnesses was not objected to on the trial as incompetent or improper. The admission of the will itself was objected to, except for the purpose of showing that under it the plaintiff had acquired such rights as the testator had in the piano, and her right to sue as his legatee under its provisions. It was stated by the plaintiff's counsel on the trial that the will was offered for those purposes alone. In reviewing this case, therefore, we must confine the effect of the proof of the will to the declared purposes for introducing it. It had no other force or effect as evidence in the case. Sharpe v. Freeman, 45 N. Y. 802.

[2] Outside the will, then, in this case, we have practically no evidence to sustain a right of recovery, save the testimony of the person drawing the will that the testator told him, in substance, he wished to bequeath the piano to the plaintiff, and assumed the right to do so.

There can be no question but that evidence of this kind was clearly incompetent, as against the defendant, for the purpose of impeaching her apparent title to the piano. It is well established that statements of a donor in derogation of his title, made after delivery to the donee, are inadmissible against the donee. Graves v. King, 15 Hun, 367; Matter of Wilson, 10 App. Div. 374, 41 N. Y. Supp. 1006; Brown v. Mailler, 12 N. Y. 118; Kelly v. Beers, 194 N. Y. 58, 86 N. E. 980; Id., 194 N. Y. 64, 86 N. E. 985; Tierney v. Fitzpatrick, 195 N. Y. 435, 88 N. E. 750; Moore v. Fingar, 131 App. Div. 403, 115 N. Y. Supp. 1035; Scheps v. Bowery Sav. Bk., 97 App. Div. 434, 90 N. Y. Supp. 26; Weller v. Weller, 4 Hun, 195.

[3] It is true that the defendant did not object to the introduction of this testimony. A reversal of the judgment, however, is asked on the ground that the judgment rendered is against the weight of evidence. Section 3063 of the Code provides that:

"The appellate court may render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits," etc., "and where the judgment is contrary to or against the weight of evidence the appellate court may, upon its reversal of a judgment, order a new trial before the same justice or before another justice."

It is the duty of the appellate court to *"render judgment according to the justice of the case."* It was said in Carter v. Pitcher, 87 Hun, 583, 34 N. Y. Supp. 551:

"Rules of evidence are rules of law. * * * They are of imperative obligation, and are not to be put aside in the discretion of the court from solicitude for the supposed interests of justice. The only justice known to courts is such justice as is ascertained and certified by legal evidence."

If we exclude the illegal evidence received, we have no evidence to support the judgment, and, even if it were admissible, the evidence on the part of the defendant is so preponderating in favor of establishing a gift of the piano, we should feel compelled to reverse the judgment on that ground.

The judgment appealed from is reversed, and a new trial ordered before another judge. Costs of appeal to abide the event. So ordered.