In the Matter of the Application of HAROLD BAKERMAN, as Attorney-in-Fact of PATRICK FENTON, Petitioner, Respondent, for Payment of a Savings Bank Account in the Name of " THOMAS FENTON for JOHN CASEY," on Deposit with the COMPTROLLER OF THE STATE OF NEW YORK, Appellant, Pursuant to Section 44-g of the State Finance Law.

Third Department, July 2, 1941.

John J. Bennett, Jr., Attorney-General [David Moses, Assistant Attorney-General, of counsel], for the appellant.

Borden H. Mills [Harold Bakerman of counsel], for the respondent.

HILL, P. J. Appeal by the Comptroller of the State from a judgment directing him " out of the funds in his hands to the credit of ' Thomas Fenton for John Casey ' " to pay $2,487.45 to the respondent Patrick Fenton or his attorney. Thomas Fenton, residing in the city of New York, on March 28, 1872, opened an account in the Emigrant Industrial Savings Bank of New York City by depositing $100. Further deposits were made in 1872, June 11, $38; August 26, $30; October 7, $20; October 28, $17. The aggregate of these deposits with interest amounts to the sum earlier mentioned. On the books of the bank the account was carried: " Thos. Fenton for John Casey, 161st St. & 10th Ave." At the time this deposit was made, Thomas Fenton had several other accounts in the bank. He died in September, 1899. This deposit was not claimed or treated as a part of his estate. The evidence discloses that a John Casey, resident of New York city, died at Welfare Island on August 14, 1872; another John Casey was living in New York city at a considerably later period. The proof discloses no acquaintance between either of the Caseys and Fenton. Thomas Fenton wrote his name on several occasions upon the signature book of the bank. The handwriting of the name in connection with the account under consideration and that in connection with those which unquestionably were his property, is identical. The words " for John Casey " are in a different handwriting, but nothing appears as to the identity of the writer. The fund has been paid to the Comptroller (State Finance Law, § 44-g) and the respondent Patrick Fenton is entitled to it if it was the property of Thomas Fenton.

Two opinions in Matter of Fenelon appear in volume 262 of the New York Reports, each written by Judge HENRY T. KELLOGG.

The decision of the Surrogate's Court and the affirmance by the Appellate Division (237 App. Div. 285) were affirmed by the Court of Appeals (p. 57). On reargument, the decisions of the lower courts were reversed upon a new finding of fact made by the Court of Appeals (p. 308), which was at variance with the finding of the Surrogate's Court, affirmed by the Appellate Division. The later decision did not affect the legal conclusions and reasoning of the earlier opinion. Therein (p. 59), after reference to the Banking Law and the conclusion to be drawn from the making of a joint deposit in a savings bank, it is stated: " This statute created presumptions not obtaining at the common law. (*Beaver* v. *Beaver*, 117 N. Y. 421; *Matter of Bolin*, 136 N. Y. 177; *Kelly* v. *Beers*, 194 N. Y. 60.) The Appellate Division of the third department has held that, in order that the statutory presumptions may take effect, the form of the deposit, as made, must have been sanctioned by the owner of the moneys directed to be deposited. (*Matter of Buchanan*, 184 App. Div. 237.) The case never came to this court. However, we approve of the conclusion reached. Obviously if the law were otherwise, then the whim or error of the banker in writing the form of the deposit, or a direction by one who had converted the moneys might operate to transfer title of the true owner to the moneys, without volition on his part. The law does not countenance involuntary transfers of that character. In this case the question is whether or not the true owner directed the making of the deposit in the form in which it appears on the books of the bank where deposited, or acquiesced therein."

There is no evidence indicating that a John Casey owned the money which was deposited. Thomas Fenton had it in his possession, deposited it in the name of Thomas Fenton. The words " for John Casey " are not in his handwriting, and there is no proof that he approved thereof.

The judgment appealed from should be affirmed, with costs.

CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgment appealed from affirmed, with costs.