AUGSBURY v. SHURTLIFF.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. BANKS AND BANKING—SAVINGS BANKS—ACTION TO RECOVER PASSBOOK—EVIDENCE—SUFFICIENCY.

In an action to recover possession of a savings bank passbook issued to plaintiff's testatrix, the evidence *held* to show that an order executed by testatrix, authorizing the bank to transfer her passbook and her interest therein to defendant, was presented to the bank and acted upon prior to testatrix' death.

2. SAME—ASSIGNMENT OF DEPOSIT.

A depositor in a savings bank may assign or transfer his interest in his deposit for a valuable consideration, without the delivery of the passbook representing the deposit.

Appeal from Trial Term, Jefferson County.

Action by David D. Augsbury, as administrator with the will annexed of Sarah Ann Roof, deceased, against Loren F. Shurtliff. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

The action was commenced on the 22d day of May, 1903, to recover possession of a savings bank passbook issued by the Jefferson County Savings Bank on or about January 3, 1894, to one Sarah Ann Roof, plaintiff's testatrix, and which represented a credit of $1,185 at the time the action was begun. The defendant admits having the passbook in his possession, but alleges that he holds the same as administrator with the will annexed of John C. Roof, the husband of Sarah Ann Roof, deceased, and insists that he is entitled to the same and to all moneys represented thereby because of an order jointly executed by Sarah Ann and John C. Roof, and which it is claimed had the effect upon the death of Sarah Ann Roof to transfer her said passbook and all her interest therein to the survivor, John C. Roof, now represented by the defendant. The facts are not in dispute, and so far as deemed material are stated in the opinion.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

John N. Carlisle, for appellant.
E. C. Emerson (George W. Reeves, of counsel), for respondent.

McLENNAN, P. J. John C. Roof and Sarah Ann Roof were husband and wife, and resided at Theresa, Jefferson county, N. Y.

They had both been married before, but neither had any children. They both had made deposits in the Jefferson County Savings Bank, and a passbook had been issued to each of them. Sarah Ann Roof had a balance upon her book of $911.26, and John C. Roof had a balance upon his book of $900.88. They were about 80 years of age, and had each made and executed a will, in which each gave the use of his or her property to the other during life, and upon the death of the survivor each had bequeathed his or her property to collateral relatives. After the execution of these wills, and on the 8th day of January, 1896, they signed a paper, of which the following is a copy:

"Theresa, N. Y., Jan. 8, 1896.

"To Jefferson County Savings Bank—Gentlemen: We, the undersigned, owners of bankbooks No. 23,661 and No. 25,472, issued by your bank, desire to have the accounts therein merged into an account running to John C. Roof or Sarah Ann Roof, or the survivor of them. Our object being that, in case of the death of either, the other may draw the whole amount.     John C. Roof.

"Witnesses:                     "Sarah Ann Roof.

    "Mary E. Countryman.

    "Lizzie Countryman.

There is no suggestion in the evidence that the foregoing paper (which will herafter be called "Exhibit 10") was procured to be made by undue influence or fraud, or that there was any improper conduct on the part of those represented by the defendant to procure the same to be executed; nor is there any suggestion that the parties thereto were not entirely competent to make such disposition of their property as they saw fit. Two days after the execution of such paper, Sarah Ann Roof was stricken with paralysis, and was confined to her bed until the 20th day of January, when she died. A few days after the paper had been executed, John C. Roof delivered it to Mr. Kelsey, an attorney and counselor of this court, residing at Theresa, N. Y., and instructed him to forward it to the Jefferson County Savings Bank, in order that effect might be given to the same, which Mr. Kelsey did by letter dated January 13, 1896, of which the following is a copy:

"Theresa, N. Y., Jany. 13, 1896.

"To Jefferson County Savings Bank—Gentlemen: By request of John C. Roof and Sarah Ann Roof, his wife, I send herewith a paper signed by them, and which will inform you of their wishes in reference to their deposits in your bank. Mr. Roof brings me the paper as you see it, and the signatures thereto are genuine. I am well acquainted with these old people, and have been their attorney for a long time. If their accounts can be merged as they indicate, please write me by return mail, and if their bankbooks are wanted to do this, I will either send or bring them to you.

"Respectfully yours,                 C. A. Kelsey."

Immediately upon the receipt of such letter, the bank changed the account of Sarah Ann Roof upon its books so as to read, "Sarah Ann Roof and John C. Roof. See Signature Book," and changed the account of John C. Roof so as to read, "John C. Roof and Sarah Ann Roof. See Signature Book," pasted Exhibit 10 in the Signature Book, and under date of January 15th the assistant treasurer of the bank wrote to Mr. Kelsey the following letter:

"Watertown, N. Y., Jany. 15, 1896.

"C. A. Kelsey, Esq., Theresa, N. Y.—Dear Sir: Yours of the 13th at hand, and have pasted the paper signed by J. C. Roof and Sarah Ann Roof into

Signature Bk., and think advisable not to merge the same into one account, but keep them separate. Think that paper is all right; anyway, it shows their wishes in the matter. When the P. books come, will minute in each to see Signature Book before paying.

"Yours Resp.                              A. T. E. Lansing, Asst Tr."

All this, as we have seen, took place during the lifetime of Sarah Ann Roof. As matter of fact, the passbook of Sarah Ann Roof was not presented to the bank, and no change upon it was made until after her death, and on the 13th day of February, 1896, when Mr. Kelsey came to the city of Watertown with John C. Roof, and presented both passbooks to the bank. Exhibit 10 was then in the Signature Book, where it had previously been pasted, and the paying teller added the name "John C. Roof" to Sarah Ann Roof's passbook, but no change was made in the passbook of John C. Roof; the bank officials stating that it was unnecessary. Afterwards, and on the 18th day of December, 1898, John C. Roof drew $200 of the money which had been deposited by Sarah Ann Roof, which, of course, is only important, if at all, for the purpose of indicating how the bank understood the transaction, and the effect which it gave to the entries made upon its books. Afterwards, and on the 8th day of August, 1899, John C. Roof died, and thereafter such proceedings were had as that the defendant was appointed administrator with the will annexed of his estate. John C. Roof kept a safe in his house in which he kept his papers, and after his death the savings bank passbook of Sarah Ann Roof was found among his papers, and duly came into the possession of the defendant, and, as we have seen, he has since retained the same, claiming to be entitled to it and all moneys represented thereby as administrator of the estate of John C. Roof, deceased, upon the ground that the same upon the death of Sarah Ann Roof became the property of John C. Roof, and upon his death became a part of his estate, which is now represented by the defendant.

This is the second trial of the action. Upon the first trial the evidence was conflicting as to whether Exhibit 10 was delivered to the bank and the changes referred to made upon its books prior to the death of Sarah Ann Roof. The learned court presiding at such trial determined, in effect, that such circumstance was immaterial, for the reason that the execution and delivery of the instrument as between John C. Roof and Sarah Ann Roof effected a transfer to the survivor of the moneys represented by their respective passbooks, and that it was immaterial as between them or their representatives whether such instrument was delivered to and the changes made on the books of the bank prior to or after the death of Sarah Ann Roof, and so the learned trial court nonsuited the plaintiff, and judgment was entered accordingly in defendant's favor. From such judgment an appeal was taken to this court, where the judgment was in all things affirmed. 90 App. Div. 613, 86 N. Y. Supp. 1128. From such judgment of affirmance an appeal was taken to the Court of Appeals, where the judgment was reversed (180 N. Y. 138, 72 N. E. 927), solely upon the ground, as we understand the decision, that the instrument executed by John C. Roof and Sarah Ann Roof (Exhibit 10) was ineffectual to transfer the moneys represented by their respective passbooks to the survivor un-

less it were established that such instrument was delivered to the savings bank and acted upon by it prior to the death of Sarah Ann Roof; it being held, in substance, that John C. Roof was the agent of Sarah Ann Roof to cause the transfer to be made upon the books of the savings bank, and that if she died prior to the consummation of that act on his part his agency ceased, and the paper became ineffectual for any purpose, and that because there was a conflict of evidence upon the issue as to whether or not such instrument was delivered to and acted upon by the bank prior to the death of Sarah Ann Roof, it was error to grant defendant's motion for a nonsuit; that that issue ought to have been submitted to the jury.

By the record now before us it is established without contradiction that the paper or instrument referred to was delivered to the savings bank at least five days prior to the death of Sarah Ann Roof, and was then acted upon by the bank as above indicated, and in such manner as that the entries in the books of the bank were changed so as to give effect to the wishes and intention of the parties to such instrument as expressed therein. All that having been done prior to the death of Sarah Ann Roof, as we understand the decision of the Court of Appeals, upon her death, leaving her husband, John C. Roof, her surviving, he became entitled to her passbook and to all moneys represented thereby deposited in her name in said savings bank. The Court of Appeals in the prevailing opinion said:

"As we have seen, the paper was an order merely, and was executory until it was presented to the bank, and the deposits were changed in accordance therewith. It is conceded that it was subsequently taken to the bank by John C. Roof, and the changes made so far as the deposit of Mrs. Roof was concerned, but was this change made during her lifetime? Upon this subject considerable evidence was taken, and if the fact is material it doubtless became a question for the jury to determine. This brings us to a consideration of the question as to whether the order is deemed to be revoked by the death of Mrs. Roof before it was delivered to the bank and the change in the deposits made. The order was executory until its delivery to the bank and the change in the deposits were made. It, consequently, could be revoked by either party at any time before the order had been complied with. It is contended that Mrs. Roof did revoke by her statements in monosyllables, but these declarations were too vague and uncertain to warrant a finding of fact to that effect. If it was revoked, it was by reason of her death before it was delivered to the bank."

The evidence now conclusively establishes that such order was delivered to and acted upon by the bank prior to the death of Sarah Ann Roof, and therefore, as it seems to us, the essential ingredient, as pointed out by the Court of Appeals, which absolutely entitles the defendant to retain the passbook and to recover the moneys represented thereby, is now conclusively established in this case. In concluding the majority opinion of the learned Court of Appeals it was said:

"We conclude that the question as to whether the order was delivered to the savings bank during the lifetime of Mrs. Roof is material, and under the evidence the question as to whether it was so delivered was for the jury, and that the exception taken by the appellant to the nonsuit raises an error of law which requires a reversal of the judgment."

The facts presented by the record upon this appeal are precisely the same as before, except, as we have seen, it is now established without contradiction that the order was presented to the bank, and was acted

upon by it in the manner indicated prior to the death of Sarah Ann Roof; and the only criticism by the Court of Appeals of the former judgment was that the evidence upon that issue was conflicting, and therefore it was held that error was committed in granting defendant's motion for a nonsuit.

If we have correctly interpreted the effect and meaning of the decision of the Court of Appeals upon the former appeal in this case, further discussion is unnecessary to demonstrate that the judgment appealed from must be reversed. It is, however, urged by the able counsel for the respondent that a delivery of the passbook of Sarah Ann Roof to the savings bank and action by it indicating an intention to change her account prior to her death was essential in order to transfer such passbook and account to John C. Roof upon her death, and that there is nothing in the decision of the Court of Appeals which is in conflict with that contention. As an original proposition, we think the contention is untenable. A passbook issued by a savings bank, even when construed in the light of the statute pertaining thereto, is at the most only evidence of the contract—conclusive, it may be—existing between the bank and the depositor. We think it cannot be claimed that such dpositor may not assign or transfer his interest in his deposit for a good and valuable consideration without the delivery of the passbook representing such deposit, and that, if such assignment or transfer is established to be valid, the bank must recognize the same, notwithstanding the assignee or transferee may not have possession of the passbook. At least, it would seem that such rule or regulation as to the presentation to the bank of the passbook, in so far as it was made for its protection or benefit, could be waived by it. In the case at bar the savings bank had presented to it an instrument in writing which declared, in substance, that the account of Sarah Ann Roof should be paid to her husband, John C. Roof, in case he survived her. The bank was informed that the signatures to such instrument were genuine, was asked to give effect to the same, and was told, in substance, that if it was deemed necessary to produce the passbook it would be produced. The bank recognized the order, gave it effect according to its terms, notified the parties, in substance, that the presentation of the passbook was unnecessary; that their wishes, as expressed by the order (Exhibit 10), would be respected. Under those circumstances, we think it was unnecessary in order to effect a transfer of the account that such passbook should be presented, and any change in indorsement made thereon. But, as before suggested, we think this question is eliminated by the decision of the Court of Appeals in this case, that the defendant has now conclusively established the fact which was regarded of importance by that court, to wit, that the order (Exhibit 10) was delivered to and acted upon by the savings bank prior to the death of Sarah Ann Roof.

It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.