## MOORE v. FINGAR.

(Supreme Court, Appellate Division, Third Department. March 24, 1909.)

1. HUSBAND AND WIFE (§ 49½*) — GIFT BY HUSBAND TO WIFE — DEPOSIT OF MONEY IN SAVINGS BANK.

Where a husband deposits his money in a savings bank in the names of himself and wife, with the amount "payable to either or the survivor," the account on its face imports a gift to her, and that she has such an interest as gives her equal right to draw it during their joint lives, and vests her with absolute title in case she survives him.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 251; Dec. Dig. § 49½.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 273*) — TITLE TO SAVINGS BANK ACCOUNT — DECLARATIONS AGAINST INTEREST.

Where a husband deposited money in a savings bank in the names of himself and wife, and thereafter changed the account by adding the words "payable to either or the survivor," to avoid the conclusion that she became the owner on his death, it was competent, to admit in evidence, as declarations against interest, her admissions, subsequent to the deposit, that they intended, in making it and changing the account, to allow her to draw such part of the money as she and her husband might need, or as she needed for her support, in case she survived, and that whatever remained after her death was to go to her stepdaughter, as the sole next of kin of her husband.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1120; Dec. Dig. § 273.*]

3. EVIDENCE (§ 273*) — TITLE TO SAVINGS BANK ACCOUNT — DECLARATIONS BY DEPOSITORS.

In determining the title to a savings bank account deposited in the names of a deceased husband and wife, declarations made by either in the presence and hearing of each other are admissible to avoid the conclusion, based on the account itself, that she became the owner on his death.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1120; Dec. Dig. § 273.*]

4. WITNESSES (§ 150*) — COMPETENCY OF TESTIMONY—TRANSACTIONS WITH DECEDENTS.

In an action by a daughter, as administrator of her deceased father, claiming title as a sole heir, as against the brother and administrator of plaintiff's stepmother, plaintiff's testimony as to a conversation with her father, in which he stated: "That money is yours, and it has been left there for you; but your stepmother has got me to put her name on it, so she could use it, if necessary. It is there, and when she dies it is all yours"—was incompetent under Code Civ. Proc. § 829, providing that a party or a person interested in the event of an action or person from, through, or under whom such party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator, or survivor of a deceased person, or a person deriving his interest or title through or under a deceased person, concerning a personal transaction or communication between the witness and the deceased person.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 653–656; Dec. Dig. § 150.*]

5. EVIDENCE (§ 233*) — ADMISSIONS — DECLARATIONS OF DONOR AS AGAINST DONEE.

It was also improper to receive such testimony, in that it showed the declarations of a donor, after the gift, for the purpose of defeating the claim or title of the donee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 867; Dec. Dig. § 233.*]

Appeal from Trial Term, Columbia County.

Action by Etta Moore, individually and as administratrix of William S. Smith, deceased, against Peter R. Fingar, as administrator of Augusta C. Smith, deceased. From a judgment for plaintiff, except so far as it awards costs to defendant, and from an order denying a new trial, defendant appeals. Reversed.

The action is brought to recover the amount of a savings bank account. The plaintiff is the administratrix and only child of William S. Smith, deceased. The defendant is the brother and administrator of his widow, Au-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gusta C. Smith, and one of her next of kin. She was the second wife of said William S. Smith, having married him in 1874, and was the stepmother of the plaintiff. The plaintiff and the defendant each claim to own the account. In 1891 Smith opened the account with money deposited by him, and had the bank book issued in the names of "William S. and Augusta C. Smith." About 10 years thereafter, in 1901, the account was changed by adding the words, "Payable to either or the survivor." Smith died November 6, 1901. Mrs. Smith died September 5, 1907, not having withdrawn anything from the account. At the close of the plaintiff's proof the court dismissed the complaint, so far as she claimed to recover individually, and left the action to proceed in her name as administratrix. The court on the trial submitted to the jury this question: "Did William S. Smith make and continue the deposit of his money in the Great Barrington Savings Bank in the name of himself and wife solely with the intent that his wife, Augusta C. Smith, might draw money therefrom, if needed for their use during his lifetime and for her use after his death?" The jury answered the question in the affirmative, and the court thereupon directed a general verdict for the plaintiff, to which direction the defendant excepted, as well as to the submission of such question to the jury. From the judgment entered upon such verdict, the defendant appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William Wallace Chace, for appellant.
John L. Crandall, for respondent.

CHESTER, J. I think it is within the authorities to say that where a husband deposits his money in a savings bank in his name and that of his wife, with the amount "payable to either or the survivor," as was the case here, the account on its face imports a gift of the fund to her, and that she has such an interest in it as gives her the equal right with him to draw it during their joint lives, and vests her with its absolute title in case she survives him. Augsbury v. Shurtliff, 114 App. Div. 626, 99 N. Y. Supp. 989, affirmed 190 N. Y. 507, 83 N. E. 1122; Sanford v. Sanford, 45 N. Y. 723; McElroy v. Albany Savings Bank, 8 App. Div. 46, 40 N. Y. Supp. 422; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9.

In the McElroy Case, above cited, James C. Bell made a deposit of his own money in a savings bank, "in account with Mrs. Alida P. Bell, or James C. Bell, her husband, or the survivor of them," and Mrs. Bell survived her husband. It was held that a deposit in that form should be deemed to have the same meaning and effect as would a deposit to the credit of Alida P. Bell and James C. Bell, and constituted the parties joint owners of the sum deposited, and entitled the wife, if she survived the husband, to take the deposit, and that in such a case it was not essential to the validity of the gift that the passbook should be delivered to the wife, or remain in her possession, during her lifetime. This case in effect holds that a deposit in the form in which the one in question here was made was effective as a gift to the wife of the entire fund, in case she survived him. See, also, McElroy v. National Savings Bank, 8 App. Div. 192, 40 N. Y. Supp. 340.

There are authorities, however, to the effect that the mere form of the account alone will not be regarded as conclusively establishing the intent of the person making such deposit, to give the other a joint

interest in or ownership of the fund. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Matter of Bolin, 136 N. Y. 177, 32 N. E. 626; Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711; Schneider v. Schneider, 122 App. Div. 774, 107 N. Y. Supp. 792. The authorities all recognize that the fact that the donor and donee are husband and wife is of great materiality in determining the intent of the parties, and that in such cases the unity of husband and wife is an important element in determining the right of survivorship.

The testimony of the treasurer of the savings bank affords us no light as to what took place at the time the deposit was made and the account changed, beyond the mere facts of the deposit and the change. He gives nothing except the form of the account to indicate the purpose or intent of the husband in making the deposit originally or in making the subsequent change. On the face of it, therefore, the rights of the wife were fixed, and her title to the fund secure, in case she survived him.

In order to avoid the conclusion, based on the account itself, that Mrs. Smith became the owner of the fund on the death of her husband, the respondent claimed on the trial, and was permitted over objections and exceptions to prove, conversations with the husband and admissions by the wife, subsequent to the deposit, and not a part of the res gestæ, that the intent of the parties in making the deposit and changing the account was to allow Mrs. Smith to draw such part of the money as she and her husband might need, or as she needed for her support, in case she survived her husband, and that whatever remained after her death was to go to the plaintiff as the sole next of kin of Mr. Smith. The correctness of these rulings present the only questions we need to consider in determining this appeal. The admissions of Mrs. Smith, testified to by competent witnesses, were undoubtedly properly received as declarations against her interest, as were also any declarations made by either Mr. or Mrs. Smith in the presence and hearing of each other.

The plaintiff was permitted to swear to a conversation with her father in the spring of 1901, shortly before his death, that he told her with respect to the account at the Great Barrington Bank:

"That money is yours, and it has been left there for you; but your stepmother has got me to put her name on it, so she could use it, if necessary. It is there, and when she dies it is all yours."

It does not appear that this was said in the presence and hearing of Mrs. Smith. This evidence was incompetent, under section 829 of the Code of Civil Procedure, as it was given by a party and a person interested in the event, in her own behalf against the defendant, who derived his title and interest in the fund from his deceased sister, whose title and interest in turn came from her deceased husband, the father of plaintiff, and the evidence was concerning a personal transaction or communication between the witness and her deceased father. It comes, therefore, within the express prohibition of the section.

The evidence was improperly received for another reason, and that is that the declarations of a donor or assignor of personal property, made after the gift or sale, are incompetent and ineffective for defeating the claim or title of a donee or assignee. Scheps v. Bowery Savings Bank, 97 App. Div. 434, 90 N. Y. Supp. 26; Brown v. Mailler, 12 N. Y. 118; Van Gelder v. Van Gelder, 81 N. Y. 625; Lent v. Shear, 160 N. Y. 462, 55 N. E. 2; Wangner v. Grimm, 169 N. Y. 421, 62 N. E. 569; Kelly v. Beers, 194 N. Y. 60, 86 N. E. 985. In the Kelly Case, last cited, one Mrs. Beers changed a deposit standing in her name, so as to make it payable to her "or Sarah E. Kelly, her daughter, or survivor." After making it, Mrs. Beers made a codicil to her will, assuming to dispose of the deposit, treating it as subject to her testamentary disposition, and the court held that that was not effective to revoke her prior intention and the acts already consummated. Judge Werner, in writing the opinion, says:

"I see no difference in this respect between a case of consummated gift of a deposit and one of a trust in and of such a deposit, as protected from subsequent declarations and acts. Mabie v. Bailey, 95 N. Y. 206; Scheps v. Bowery Savings Bank, 97 App. Div. 434, 90 N. Y. Supp. 26; Robinson v. Appleby, 69 App. Div. 509, 75 N. Y. Supp. 1, affirmed 173 N. Y. 626, 66 N. E. 1115."

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.