affirmed 186 N. Y. 586, 79 N. E. 1107; Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825, affirmed 176 N Y. 570; 68 N E. 1118; Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508.

The order fixing tax should be reversed, and the report of the appraiser remitted to him for the purpose of excluding from his appraisal all stocks of foreign corporations and all bonds located outside of the state at the date of decedent's death..

Decreed accordingly.

(65 Misc. Rep. 446.)

## In re KLINE'S ESTATE.

(Surrogate's Court, Oswego County. December, 1909.)

TAXATION (§ 879*)—INHERITANCE TAX—DEPOSIT IN BANK.

A husband and wife deposited money belonging to each to their joint credit in a savings bank. *Held* not to indicate a gift inter vivos, but an intent that on the death of either the funds belonging to the other should pass to the survivor, so that the transfer of that part of the deposit so passing to a survivor is subject to the transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

In the matter of the assessment of the transfer tax against the estate of John Kline, deceased. From an order entered upon the report of an appraiser fixing the transfer tax, the administratrix appeals. Remitted for further evidence.

W. B. Baker, for State Comptroller.

Ira P. Betts, for Mary Kline, administratrix of the estate of John Kline, deceased.

MILLER, S. John Kline died in the town of Schroeppel, N. Y., on the 29th day of December, 1907. At the time of his death there were on deposit in three banks in the city of Syracuse, N. Y., in the joint names of himself and his wife Mary Kline, deposits aggregating something over $9,000. In each bank the account was payable to either or the survivor. It appears from the evidence that a part of the money belonged to the wife individually, when deposited; but the exact amount does not appear.

The widow, who is also the administratrix of the estate, contends that the act of her husband in placing the money in the different banks in the manner above stated imported a gift to her at the time the different deposits were made, and that no part of the same is liable to a transfer tax. I am of the opinion that such portions of the different accounts as were not the moneys of Mary Kline when deposited are taxable. I am not unmindful of the fact that, under the decisions, where a husband deposits his money in a savings bank in his name and that of his wife, with the account payable to either or the survivor, as was the case here, she has such an interest in the deposit as gives her

the equal right with him to draw it during their joint lives, and vests her with the absolute title in case she survives him. Moore v. Fingar, 131 App. Div. 399, 115 N. Y. Supp. 1035.

The widow and a daughter testified before the appraiser that the deceased frequently said that it was his intention that the money should belong to his wife, if she survived him. Judge Vann, writing a concurring opinion in Augsbury v. Shurtliff, 180 N. Y. 146, 72 N. E. 927, lays down the proposition that the fact that a savings bank account was several in form, so that either could draw during the lifetime of both, clearly indicates that a gift inter vivos was not intended. It seems necessary that, to constitute a valid gift of personal property, there must be on the part of the donor an intent to give, and a delivery, in pursuance of such an intent, of the thing given, to or for the donee. The delivery, however, whether actual or constructive, must be such as will operate to divest the donor of possession of and dominion over the subject of the gift. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403; 15 Am. St. Rep. 531.

It seems to me, from the evidence in this proceeding, it was not the intention of either party to divest himself or herself of the control and use of this money so long as both lived, and that the accounts were entered in the way we find them, so that either could draw money during their joint lives as a matter of convenience, and, upon the death of either, the deposits would become the absolute property of the survivor. While this question has never been directly passed upon, so far as I have been able to ascertain, yet the Appellate Division in this department has held that, if a savings bank deposit is a mere tentative trust, revocable by the deceased, the depositor, during his lifetime, it is taxable, although the trust becomes absolute and irrevocable upon the death of the depositor. Matter of Pierce, 132 App. Div. 465, 116 N. Y. Supp. 816, following Matter of Totten, 179 N. Y. 125, 71 N. E. 748, 70 L. R. A. 711.

While in the case at bar it would seem that the wife could have drawn every dollar of this money during the joint lives of herself and her husband (Moore v. Fingar, 131 App. Div. 399, 115 N. Y. Supp. 1035), yet her title to the deposits was not so perfect but that the husband could have revoked the gift at any time during his lifetime by drawing the money himself. So that it can hardly be urged that the deceased surrendered the absolute possession and dominion over the money in question during his lifetime. While I do not think there was the slightest intention on the part of the parties to this transaction to avoid the provisions of the transfer tax law, yet, if the principle contended for by the administratrix in this case should be established, it certainly would provide a simple and effective way to evade the plain provisions of the statute.

It follows that, the transfer not having become absolute until the death of the depositor, such parts of the different deposits as were not the moneys of Mary Kline when deposited are taxable. Consol. Laws, c. 60, § 220, subd. 4. I am unable to ascertain from the evidence the exact amount of money that belonged to Mary Kline when deposited, or the accrued interest thereon.

An order may be entered remitting the matter to the appraiser for further evidence upon this point; and, upon the return of the same, the tax will be assessed in accordance with the views herein expressed. Decreed accordingly.