1. TAXATION (§ 879\*)—TRANSFER TAX—JOINT TENANCY—HUSBAND AND WIFE.
   Where certain mortgages were transferred to decedent and his wife, and the survivor of them, with habendum to them and the survivor, and the instruments of transfer contained a power of attorney to the husband and wife, or the survivor of them, to discharge the mortgages, the husband and wife each owned one-half down to the decedent's death, and the transfer of decedent's one-half to his wife when he died, and because he died, was a transfer "intended to take effect in possession or enjoyment" upon his death, within the statute making such transfers taxable.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.\*]

2. JOINT TENANCY (§ 3\*)—EXISTENCE.
   The creation of a joint tenancy will not be presumed from the acts, declarations, and understanding of the parties, unless the intention to create same affirmatively appears.
   [Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. § 1; Dec. Dig. § 3.\*]

In the matter of the appraisal, under the Transfer Tax Acts, of the property of George W. Pitou, deceased. From the imposition of a tax, the executrix appeals. Affirmed.

Joseph H. Lecour, Jr., of New York City, for appellant.
Harry Howard Dale, of Brooklyn, for respondent.

KETCHAM, S. The executrix appeals from the imposition of a tax upon the alleged transfer of one-half interest in five mortgages. These mortgages and the bonds accompanying the same were transferred to the decedent and his wife and the survivor of them, with habendum to them and the survivor of them, to their assigns and the

successors, legal representatives, and assigns of such survivor. The instruments of assignment contain a power of attorney to the husband and wife, or the survivor, of them, to discharge the mortgages. Three of the assignments contain the following which is not found in the other two assignments: ·

"It being the intention that the survivor of the said George W. Pitou and Annie B. Pitou (the husband and wife) shall become the absolute owner of this bond and mortgage, and that neither the said George W. Pitou nor the said Annie B. Pitou shall have power to affect the right of the survivor thereof."

The appeal is based upon the assumption that the husband and wife held these mortgages as joint tenants, that they each took the entire interest in each mortgage at the time of its assignment, and that, therefore, no interest therein of the husband passed at his death.

[1] Courts have said that deposits and investments made in the names of two persons, where the right of survivorship appears, constitute a joint tenancy, and this theory has been enacted in the Banking Law with respect to savings bank deposits. Banking Law (Consol. Laws 1909, c. 2) § 144. The judicial statements are generally found in cases which have nothing to do directly with the nature of the ownership of the parties during life and involve only the disposition of the fund after a death has occurred. Except in circumstances arising under the Transfer Tax Law (Consol. Laws 1909, c. 60, §§ 200–245), the status of the parties to the transaction, while living, has not been the primary subject of determination.

Expressions to the effect that a joint tenancy has been created are not convincing, for it is difficult to conceive how the elements of joint tenancy can be imposed upon the transaction. However, the community of husband and wife has been resolved by legislation, at common law joint tenancy was impossible between man and wife, and they are most frequently the parties to this class of investments.

In many of the cases of deposit or investment in two names, the circumstances indicate an intention that one of the parties named shall during the life of the other exercise the right of dominion and consumption over the fund, a condition inconsistent with joint tenancy. Indeed, a power in either or both of the parties to withdraw any part of the fund from the common control is incompatible with joint tenancy, as much as would be the right of one of the two owners of land to convey a portion. The interest of a joint tenant cannot be reached by execution for his debt, since the enforcement of the processes would take the property of a stranger to the execution. Is it necessary to the just maintenance of the wife's right of survivorship to give her such tenancy in a deposit wholly made up of the husband's money? It has happened, in some instances, that one of the parties to the deposit or investment has reserved the power to dispose of the fund by will, a right which cannot exist in joint tenancy.

[2] Where the nature of the relations to the fund is so often to be derived from parol evidence of the acts, declarations, and understanding of the parties, it is as dangerous as it is unnecessary to assume a joint tenancy or any other kind of tenancy, unless the intention to create it affirmatively appears. It is dangerous, because, unless the inten-

tion to create a joint tenancy appears expressly, it should not be loosely gathered from the mere intention that the survivor should take the whole fund.

Few persons arranging for one of these deposits or investments contemplate anything anything except a means by which the survivor shall have the entire interest in case of death. Very few desire, or, indeed, would understand, the highly technical conditions which surround joint tenancy. To assume that relation is unnecessary when the death has occurred, for it is sufficient then for every determination to find, without regard to the kind of tenancy, or, indeed, the existence of any tenancy together while the parties were alive, that the agreement or intention of the deceased party was that the survivor should enjoy the fund.

There is a growing opinion in the cases that the disposition of these deposits or investments in the case of death should be rested wholly upon the agreement or intent as to the disposition upon death. If this be so, the nature or the existence of any tenancy in both parties during life is unimportant, except so far as it bears upon their intention. Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9; West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130; Moore v. Fingar, 131 App. Div. 399, 115 N. Y. Supp. 1035, and cases cited; Matter of Kline, 65 Misc. Rep. 446, 121 N. Y. Supp. 1090; Matter of Eysel, 65 Misc. Rep. 432, 121 N. Y. Supp. 1095.

Suggestions of joint tenancy, made in the current of argument in cases where the disposition of the interest after the death was the only event to be considered, may well be regarded as obiter. If, therefore, the case at bar, which solely concerns the nature of the ownership during the lives of both parties, were found to match with earlier cases in all respects, except that in them the only question to be decided was whether, after death, the survivor was entitled to take, the present decision would not be constrained by authority.

This court personally questions that the ordinary arrangement under which these deposits or investments are made creates a joint tenancy. The proposition is expressly denied in many cases in which the surviving party to the investment is held to take no legal interest therein until the death of the other party. Matter of Kline, supra; Wegmann v. Kress, 141 N. Y. Supp. 525, opinion by Blackmar, J., February 19, 1912.

Whether this be so or not, there was no joint tenancy in this case. There is no ground for a finding as to the ownership of the funds which went to the purchase of the securities except the presumption that husband and wife were equal owners of the fund and the investment. Wetherow v. Lord, 41 App. Div. 413, 58 N. Y. Supp. 778; Matter of Kaupper, 141 App. Div. 54, 125 N. Y. Supp. 878; Matter of Wilkens, 144 App. Div. 803, 129 N. Y. Supp. 600. Hence each owned his or her one-half down to the moment of the decedent's death. As in Matter of Spring, 75 Misc. Rep. 586, 136 N. Y. Supp. 174, each was presumptively, and therefore, in the absence of proof, actually, entitled to a separate one-half both of the income to accrue

and the principal which produced it. If, then, the decedent owned his one-half until he died, and his wife became its owner when he died and because he died, the transfer of the decedent's one-half was within the statute a transfer "intended to take effect in possession or enjoyment" upon his death, and was properly taxable.

Matter of Kline, supra, presented facts exactly the same as those at bar, except that it there appeared that a part of the money which went into the deposit belonged to the wife individually when deposited, but the precise amount did not appear. While that case was remitted for inquiry as to the exact amount of money which belonged to the wife when deposited, the court definitely held that such parts of the different deposits as were not the moneys of the wife when deposited were taxable; and this court is not only controlled by the authority of the case cited, but is in accord with its reasoning.

There is much in the assignments to reveal the intention that it was only as a survivor and in the event of survivorship that either party could take the securities; but the order is affirmed upon the ground that joint tenancy is forbidden by the evidence, and that the decedent had an interest which was transferable only upon his death.

Decree affirmed.