(158 App. Div. 334.)

### O'CONNOR v. DUNNIGAN.

(Supreme Court, Appellate Division, Third Department. September 10, 1913.)

1. BANKS AND BANKING (§ 129*)—TITLE TO DEPOSIT.

    Money was deposited in a savings bank by a husband and wife, and the account read: "Payable to Mary Guilfoyle or Joseph Guilfoyle. Pay to either or the survivor of either." *Held*, that the form of the deposit indicated an intent to create a joint ownership with the right of survivorship.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 312–315, 326, 388; Dec. Dig. § 129.*]

2. BANKS AND BANKING (§ 131*)—TITLE TO DEPOSIT.

    Where a husband and wife were joint owners of a bank deposit, a withdrawal of same by the wife, without the consent of the husband, and placing it in her individual name did not divest the interest of the husband.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 316–318, 333; Dec. Dig. § 131.*]

    Woodward, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Rensselaer County.

Action by Thomas O'Connor, executor, against Margaret Dunnigan, executrix. From a judgment in favor of defendant, plaintiff appeals. Reversed, and judgment directed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John T. Norton, of Troy, for appellant.

James McPhillips, of Glens Falls (L. B. McKelvey, of Saratoga Springs, and 'J. W. Atkinson, of Waterford, of counsel), for respondent.

SMITH, P. J. This action was originally brought by Joseph Guilfoyle against the Cohoes Savings Institution to recover the sum of $3,000 which was on deposit in that institution in the name of Mary Norton Guilfoyle. The defendant, as executrix of the last will and testament of Mary Norton Guilfoyle, was impleaded. Joseph Guilfoyle thereafter died, and the plaintiff is substituted as his representative.

At the trial Joseph Guilfoyle was allowed to give evidence of personal transactions with his wife, Mary Norton Guilfoyle, which evidence before the decision of the action was properly stricken out by the trial judge. Apart from the evidence stricken out, however, these facts appear without contradiction. The moneys represented by this deposit were originally deposited by Joseph Guilfoyle and his wife Mary in this same institution in an account which read:

"Payable to Mary Guilfoyle or Joseph Guilfoyle. Pay to either or the survivor of either."

Four days before the death of Mary Guilfoyle, in the absence of Joseph Guilfoyle, she went to the bank, drew the money, and deposited it to an account in her own name. The next day she made a will purporting to dispose of the same. Under this will the defendant executrix claims title to the property.

[1] In Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543, one Kate V. Beers deposited in a savings bank moneys in an account which read as follows:

"In account with Kate V. Beers or Sarah E. Kelly, her daughter (the claimant), or the survivor of them."

[2]. It was held that this language imported joint ownership by the decedent and claimant with final ownership in the survivor. It was further held in that case that it might be shown by other evidence that it was not the purpose in making the deposit in this form to create a joint ownership of the fund. In the case at bar the original deposit of these moneys was substantially in the same form as in the case cited. It cannot matter whether the moneys originally came from Joseph Guilfoyle or Mary Guilfoyle. The form of the deposit indicated an intent thereby to create a joint ownership with the right of survivorship. There is no evidence in the case which in any way would qualify such intent as is the natural import of the language used. As between the bank and Mary Guilfoyle, she had the right with the pos-

session of the book to withdraw the moneys from the account. Her change of the moneys, however, from this account to another in her individual name, in the absence of and as far as appears without the consent of Joseph Guilfoyle, could not divest Joseph Guilfoyle of his joint ownership in the property. It would be preposterous to claim that an appropriation of personal property by one joint owner to his personal use could divest the interest of the other joint owner or could in any way be presumed to have been by the consent of his co-owner. In order to change the joint ownership which presumptively existed, defendant was required to show that the ownership of Joseph Guilfoyle has been voluntarily surrendered. Of this there is no attempted proof. My recommendation, therefore, is that the judgment appealed from be reversed and that judgment be entered awarding the moneys in dispute to the plaintiff, with costs in this court and in the court below. The conclusion of fact of which this court disapproves being the conclusion that Mary Norton Guilfoyle was at the time of her death the owner of the moneys in question, and this court finds that at all times after the original deposit Joseph Guilfoyle and Mary Guilfoyle were joint owners with the right of survivorship of the deposit in question.

Judgment reversed on law and facts, and judgment directed awarding the moneys in dispute to the plaintiff, with costs in this court and in the court below. The finding of fact of which the court disapproves being the finding that Mary Norton Guilfoyle was at the time of her death the owner of the moneys in question, and this court finds that at all times after the original deposit Joseph Guilfoyle and Mary Guilfoyle were joint owners with the right of survivorship of the deposit in question. All concur, except WOODWARD, J., dissenting in opinion, and HOWARD, J., not sitting.

WOODWARD, J. (dissenting). Joseph Guilfoyle in his lifetime brought an action against the Cohoes Savings Institution to recover the sum of $3,000 which had been on deposit in that institution, represented by Book No. 29,396. This account appears to have been opened on the 4th day of April, 1905, and was, by its terms, payable to "Mary Guilfoyle or Joseph Guilfoyle; pay to either, or the survivor of either." It was closed on the 12th day of May, 1909, and on the same day a new account was opened by the same institution, represented by Book No. 35,185, payable to Mary Norton Guilfoyle, and showing a balance of practically $3,000. There is no dispute that this new account was created out of the funds in the old account, represented by Book No. 29,396, and the Cohoes Savings Institution does not question that it is the custodian of this fund, and, by an interpleader, it is now holding the same subject to the final judgment in this action.

On the 15th day of May, 1909, and three days after the transfer of the account above noted, Mary Norton Guilfoyle executed her last will and testament and on the following day died. Margaret Dunnigan was, by the provisions of that will, made executrix of the same, and upon its probate she was given letters testamentary and entered upon the discharge of her duties, demanding the amount of the deposit in the Cohoes Savings Institution in her representative capacity. With two claimants demanding the money, the Cohoes Savings Insti-

tution interpleaded and, as stated above, now holds the fund for the successful party in the present action; Margaret Dunnigan, as executrix, being substituted as defendant. The trial has resulted in a judgment in favor of the defendant, and the plaintiff appeals to this court.

Obviously, upon the facts as above set forth, and they are not disputed, the Cohoes Savings Institution was fully justified in turning over the fund represented by Book No. 29,396 upon the presentation of the book by Mary Guilfoyle or Joseph Guilfoyle, for it was directed in the book itself that the bank should "pay to either or the survivor of either," and the presumption is, of course, that, if Mary Guilfoyle presented the book, she did so lawfully; that she had possession of the same rightfully. This presumption is strengthened by the fact that Mary Guilfoyle was first mentioned; and the rule of construction is very ancient which commands that in determining written instruments "the best by all course is first to be named"; and that a statute which referred to "sheriffs and others" could not be construed to extend to justices, for these were of a higher rank (the Sovereigns Prerogative and the Subjects Privilege, p. 62, being the argument of Mr. Littleton at the Command of the House of Commons in 1628), while the book provided that the bank should pay to either of them presently "or to the survivor of either." This clearly contemplated that the fund was at the disposal of Mary Guilfoyle at any time, either before or after the death of Joseph Guilfoyle (Moore v. Fingar, 131 App. Div. 399, 400, 401, 115 N. Y. Supp. 1035), and practically the only issue presented by the plaintiff's action, as against the executrix of the will of his late wife, is as to the ownership of the fund and the rightfulness of the possession of the book by Mary Guilfoyle on the 12th day of May, 1909. There is no force in the contention that this provision in the bank book was intended merely for the survivorship of Mary Guilfoyle; its language gave her a present right to the fund on the presentation of the book; and while Joseph Guilfoyle might have had the account entered as it was, with his own funds, and retained the book in his own possession without any rights accruing to Mary Guilfoyle, there is no such presumption arising from the facts as they appear, and the burden of showing that the book was never delivered to Mary Guilfoyle, or that it was only intended to convey the fund to her in the event of her surviving Joseph Guilfoyle, is clearly upon the plaintiff. In other words, the plaintiff assumes the burden of showing that his late wife was guilty of stealing this bank book, which, upon its face, shows her perfect right to its possession and a perfect right to do all that she has done under its provisions. Clearly a bank book showing a substantial balance payable to "Mary Guilfoyle or Joseph Guilfoyle" and directing payment "to either or the survivor of either" would be presumed to be lawfully in the possession of Mary Guilfoyle, and the weight of the evidence (assuming now that all the evidence offered by the plaintiff was competent) shows that the original account was opened by Mary Guilfoyle and that some at least of the moneys entering into the account belonged to her. If we are right in this, it follows that the plaintiff would have the burden of showing what portion of the fund belonged to him, as the condition of any

recovery, and his testimony is that all of the fund belonged to him, making no effort to establish any part thereof.

Upon the trial, after a number of objections had been urged against the admission of the testimony of the plaintiff, on the ground that he was disqualified under the provisions of section 829 of the Code of Civil Procedure, it was agreed that the evidence should be heard under a general objection to its competency, and that the court should in its final determination pass upon the question of its competency. Under this arrangement the plaintiff was permitted to testify that the account was opened by himself; that he told one of the officers of the Cohoes Savings Institution that he wanted to have the fund fixed so that it would go to his widow in the event of her surviving him; that he was the owner of all of the fund; that his wife had no money of her own and no way of making any money during the time that they lived together, covering a period of about 21 years, and generally that he, as the sole owner of the fund, had merely provided for her survivorship; that he had the bank book, kept it locked in his trunk, and that he kept the key either in his pocket or in a pitcher in his room, and that he missed the key before the death of his wife and complained about the loss; that after his wife's death the key was returned to him by the defendant or his wife's sister;. and that he then opened his trunk and for the first time discovered the loss of the bank book. The court first submitted three questions to the jury as to the ownership of the fund, and then made findings of fact and conclusions of law inconsistent with the verdict of the jury, and struck out the material portions of the plaintiff's testimony under the reservation agreed to upon the trial; and the principal question involved on this appeal is as to the correctness of this final ruling upon the question of the competency of the plaintiff as a witness in this action.

The record is rather confusing, but it does not appear to be necessary to go into all of the rulings in detail, for, if the plaintiff was not competent to testify to any of the material questions, the case is without merit, and the judgment should be affirmed. Ignorance of the law is no excuse, and if the plaintiff put his own funds into a position where they could be misappropriated, and under circumstances where he could not testify, he has only himself to blame, and it is no part of the duty of this court to override the established policy of the state to help him out of his difficulty. Section 829 of the Code of Civil Procedure provides that upon "the trial of an action  *  *  *  a party or a person interested in the event  *  *  *  shall not be examined as a witness in his own behalf or interest  *  *  *  against the executor  *  *  *  concerning a personal transaction or communication between the witness and the deceased person"; and the courts have uniformly held that this provision is to be applied in its spirit, and that the witness is not to be permitted to do indirectly what he would not be permitted to do directly. On the face of the evidence, there was a personal transaction between Joseph Guilfoyle and Mary Guilfoyle; the bank book shows a deposit of a fund to be payable to "Mary Guilfoyle or Joseph Guilfoyle, or either or to the survivor of either"; and, assuming this deposit to have been made by the husband, the account on its face imports a gift of the fund to her and

that she has such an interest in it as gives her an equal right with him to draw it during their joint lives and vests her with its absolute title in case she survives him. Moore v. Fingar, 131 App. Div. 399, 401, and authorities there cited. Here was a personal transaction between them, the making of a gift, evidenced by a writing in a bank book to the possession of which either was entitled, so far as the documentary evidence discloses; and the plaintiff, in an action against the executrix under the will of his late wife, attempts to testify in relation to that transaction and to give it an entirely different character than that which the law presumes. A transaction which the law holds to have constituted a gift, entitling the wife, equally with the husband, to draw during their joint lives, is attempted to be transformed, by the testimony of the plaintiff, into a mere intention to provide for a survivorship, and a court of equity is asked to hold that the wife, whose lips are sealed in death, was guilty of a fraud, practically of grand larceny, in doing just what the bank book authorized her to do, and which the law, looking only to the fact of the form of the deposit and the relationship of the parties (Moore v. Fingar, supra), authorized. The language of the statute is that the plaintiff "shall not be examined as a witness, in his own behalf or interest, * * * concerning a personal transaction or communication between the witness and the deceased person"; and it seems entirely clear to me that the plaintiff (who has since died, and whose position is now taken by his executor) was entirely incompetent to testify to any matters which related to this personal transaction. Richardson v. Emmett, 170 N. Y. 412, 419, 63 N. E. 440.

The case would be weak even with the plaintiff's testimony, for the bank officials testify to a state of facts directly contrary to that asserted by the plaintiff in reference to the original account, and the court would have been justified in holding that the deposit was made by Mary Guilfoyle, which would raise the presumption that she had possession of the bank book all of the time between the original deposit and the closing of the account, and which would clearly justify her in drawing the fund and opening another account. With the plaintiff's testimony stricken from the record, as I believe it should be, there is no foundation for the plaintiff's contention, and there is no ground on which the judgment may properly be disturbed.

The judgment appealed from should be affirmed, with costs.