---

(94 Misc. Rep. 529)

In re SULLIVAN'S ESTATE.

(Surrogate's Court, Columbia County. March, 1916.)

2. TAXATION ⬰897—TRANSFER TAXES—VALUATION.
   Where a testator devised the remainder of his realty to his sister and two nieces, each of the interests of the devisees is of equal value in determining the transfer tax, though Tax Law (Consol. Laws, c. 60) § 230, relating to the valuation of future or limited estates, would authorize the use of mortality tables to ascertain the value of the remainder as a whole.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬰897.]

Proceeding to determine the proper method of assessing the transfer tax on the estate of Frederick Sullivan, deceased, under the acts in relation to the taxable transfers of property. Decree entered.

John L. Crandell, of Hudson, for state comptroller.
James F. Riley, of Hudson, for estate.

WHITBECK, S. Upon the filing of the appraisers' report the question for determination is the proper method of assessing and fix-

ing the transfer tax upon the interests of three persons given a remainder in real property. The devise reads as follows:

"After the death of my mother and brother Henry, I give and devise all my real estate to my sister, Mary C. Murphy and my nieces Catherine L. Murphy and Martha Murphy, in fee, as tenants by the entirety."

Section 66 of the Real Property Law (Consol. Laws, c. 50) provides:

"Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy."

Counsel for the comptroller and for the executors both assume that the estate devised is one known as a joint tenancy, and I shall, at this time, particularly refrain from construing this devise, as it would seem to be unnecessary that I should do so at this time, in view of the conclusion which I reach on the question of taxation. The assumption of counsel that this is a joint tenancy is therefore adopted for the purposes of this discussion.

The two perplexing questions are: First. Shall there be one exemption or shall an exemption be allowed for each of the three owners; and, if but one exemption is allowed, should it be of the $5,000 or the $1,000 class—these joint owners being respectively a sister and two nieces of the deceased? Second. How should the respective interests of the joint owners be apportioned among them as to present value?

[1] The comptroller contends in substance that because this is a joint tenancy the interests are not severable and that only the ultimate survivor takes and that in this respect it differs from a tenancy in common. With this reasoning I cannot entirely agree. The right of these joint tenants (assuming them to be joint tenants) to partition and this notwithstanding the outstanding life estates is given by statute. Code Civ. Proc. §§ 1532, 1533; Cloos v. Cloos, 55 Hun, 450, 8 N. Y. Supp. 660. If a joint interest be conveyed by one of the tenants, the alienee takes in common. Gerard, Titles (5th Ed.) 323.

It seems to be clear that a joint tenancy may be dissolved and changed to a tenancy in common by the conveyance of one of two joint tenants. Washb. Real Prop. (6th Ed.) §§ 864, 869; Messing v. Messing, 64 App. Div. 125, 71 N. Y. Supp. 717; Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762. Joint tenancies are not favored in equity, and seemingly may be easily destroyed either by one or all of the joint tenants, so that the principal characteristic of joint tenancy—survivorship—is after all of but little importance, where either of the parties desires to destroy the tenancy in part at least. This tenancy differs from the tenancy known as a tenancy by the entirety, where the title rests in husband and wife and can only be destroyed by the act of both. Hiles v. Fisher, supra.

I am of the opinion, therefore, that each of the remaindermen is entitled to a separate exemption. The case of Matter of Hogg, 156 App. Div. 301, 141 N. Y. Supp. 119, is not controlling, as in that case, where the owners were tenants in common, the court apparently was of the opinion that the estate passing was not vested, but was to be

distributed or paid in the light of facts existing at the time fixed for the division of the estate, and further that the gift was to a class and not to individuals. That situation does not exist in the case now before me. This remainder is surely a vested remainder, and it is vested in three ascertainable individuals. Section 221a of the Tax Law provides for rates of taxation and is as follows:

"Upon a transfer taxable under this article of property or any beneficial interest therein, of an amount in excess of the value of five thousand dollars to any * * * sister * * * the tax on such transfer shall be at the rate of one per centum on any amount in excess of five thousand dollars up to the sum of fifty thousand dollars."

Upon other transfers, when the amount is in excess of $1,000 and up to $50,000, at the rate of 5 per cent. This right of exemption, then, is one which may not be lightly denied to each individual taxed, and may certainly not be withheld where a vested estate passes to an ascertainable individual, which it clearly does in this case. The title to this land and appurtenances are, subject to the preceding life estates, the property of these three remaindermen, and it would be untrue to say that only the last survivor has any valuable interest therein after the termination of the preceding life estates. The mere right of occupancy alone is a valuable interest.

[2] The second question involved is the determination of the proper method of assessing the valuation of this remainder among these joint tenants; that is to say, shall these interests be regarded as of equal value, or should they be computed upon the basis of the probability of the duration of life, so that the survivor of the three according to this method would be assessed for the largest amount, and the next oldest for a lesser amount, and so on? Section 230 provides that:

"The value of every future or limited estate, income, interest or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except that the rate of interest for making such computations shall be five per centum per annum."

It is undoubtedly the correct procedure to use these mortality tables to ascertain the value of this remainder as a whole, but to then use it for the purpose of apportioning the value of the remainder among the three remaindermen is not authorized by the wording of section 230, nor does it seem to have been contemplated by that section. Undoubtedly these mortality tables are based upon long experience, and their use has the sanction of our courts in many instances. It is, however, but a method of guessing upon the length of life, fortified as much as human skill can do by tabulated experiences of thousands of lives. While it is, therefore, of very great value, it is, after all, but artificial, and may be cast at naught by war or pestilence, fire or flood, accident or design. Should this method of guessing then be applied, unless authorized by statute or by rule?

My attention is not directed to any statute directing this method of ascertaining value, nor to any rule. Rule LXX of the General Rules of Practice does not cover it.

My conclusion is that it is improper to indulge in speculation, and that the value of the interest of each of these owners in this remainder is equal in the eyes of the law. 23 Cyc. 490; Matter of Pitou, 79 Misc. Rep. 384, 140 N. Y. Supp. 919.

Decreed accordingly.