570 P.2d 912
In the Matter of the ESTATE of Raymond T. MORROW, Deceased.

Virginia Lee BLUESTEIN, Elizabeth Ann Malcolm and Patsy Raymond Cushing, guardians of the Estate of Melba M. Morrow and Heirs of the Estates of Raymond T. Morrow and Melba M. Morrow, Deceased, Objectors-Appellants,

v.

Fred OWENSBY and Stewart Owensby, Co-Executors-Appellees.

No. 11373.

Supreme Court of New Mexico.

Nov. 1, 1977.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Paul D. Barber, Albuquerque, for objectors-appellants.

Campbell, Bingaman & Black, Michael B. Campbell, Santa Fe, for co-executors-appellees.

OPINION

McMANUS, Chief Justice.

The executors of the estate of Raymond T. Morrow (Raymond), filed with the district court their first annual account which listed several bank and savings and loan association accounts as being the separate property of Raymond or the community property of Raymond and Melba M. Morrow, Raymond's widow, now deceased (Melba). The objectors, guardian of the estate of Melba during her incompetency and heirs of Raymond and Melba, filed exceptions and objections to the first annual account on the grounds that the funds in certain enumerated accounts had been owned by Raymond and Melba as joint tenants with rights of survivorship, and after Raymond's death were the separate property of Melba.

The stipulated facts show that the funds in the accounts were owned by Raymond and Melba in joint tenancy with rights of survivorship. Melba became mentally incompetent to handle her financial affairs and during her incompetency Raymond transferred the funds in some of the joint accounts to accounts in his sole name and had Melba's name removed from the remaining accounts. Raymond thereafter predeceased Melba. The court, after hearing argument of counsel, adopted the stipulated facts as its findings, and concluded that the actions of Raymond in transferring the funds destroyed the joint tenancy and

made the funds the community property of Raymond and Melba. The objectors appeal.

The accounts under consideration in this cause, showing the notations made on the accounts by the bank or savings and loan association are as follows:

| Account No. | Statement |
| --- | --- |
| 001–01–16200–02 | "Removal of Mrs. Morrow Name" |
| 01–13–025097–09 | "Mrs. Raymond Name Removed 12–13–74" |
| 276 | "Transferred from VR No. 269 for Purposes of Changing Name" |
| 2287 | "Transferred from Inst. No. 1194 for Change of Name Only" |
| 277 | "Transferred from VR No. 148 for Purpose of Changing Name" |

The objectors-appellants claim error by the court in that it found that the joint accounts referred to were the community property of the decedent, and his then mentally incompetent wife. Conversely, objectors-appellants claim error in the trial court's failure to conclude that the accounts referred to were joint tenancy accounts and that the entire interest therein succeeded to his mentally incompetent wife Melba. (Melba has since passed away.) The question for decision is whether the unilateral actions of Raymond in altering the accounts during Melba's incompetency destroyed the joint tenancy.

In *State v. Gralewski's Estate*, 176 Or. 448, 159 P.2d 211 (1945), a father deposited his funds in joint accounts with his son. While the funds were in the joint accounts the father became mentally incompetent and was committed to a mental institution. Thereafter, the son transferred the jointly owned funds to a separate account in his own name. The son predeceased his father, and the funds were held by his executor. After the father's later death, intestate and without heirs, the State of Oregon sought to trace and recover the jointly held funds under state escheat statutes.

The court, after noting that there was no evidence to overcome the presumption of joint ownership of the original accounts, held that the right of survivorship was not destroyed by the son's act of transfer and therefore they belonged exclusively to the father's estate. The court reasoned:

John Gralewski survived his son, and the question for decision is whether, as the appellants contend, the act of his son, in withdrawing all the moneys and redepositing them to his own account while the father was insane and unable to give his consent was effective to terminate the joint tenancy, and the rights, including the survivorship right, of the father, and to vest sole title to the fund in Kurt Gralewski.

It is our opinion that to sustain the appellants' position would be to approve the unauthorized invasion by one of another's legal rights. The interests of John and Kurt Gralewski in the funds were, as we have said, joint and equal, and the latter could not by his unilateral action divest his father of his interest.

159 P.2d at 212.

The *Gralewski* court noted that although a joint bank account does not have all the incidents of joint tenancy at common law, it is similar in that it creates " * * * joint ownership with the right of survivorship." Recognizing that the right of survivorship is the "grand incident" of joint tenancy the court continued:

* * * In our opinion the withdrawal by one depositor, without the other's consent, of the entire deposit, and for the manifest purpose of defeating his codepositor's survivorship right, is a violation of the understanding between the parties, as evidenced by the deposit agreement, and an attempted invasion of such codepositor's title. It does not effect a severance of the joint tenancy, but, as the authorities upon which we rely hold, results only in a change in the form of the deposit, while its joint character and the rights therein of the respective parties remain unaltered.

159 P.2d at 214.

*See also, Doran v. Hibernia Savings and Loan Soc.*, 80 Cal.App.2d 790, 182 P.2d 630

(1947); *O'Connor v. Dunnigan*, 158 App.Div. 334, 143 N.Y.S. 373 (1913), *aff'd*, 213 N.Y. 676, 107 N.E. 1082 (1914). In the *O'Connor* case the court held that money which a wife withdrew from a joint account with her husband shortly before her death belonged to the husband as the surviving joint tenant. The court stated:

It would be preposterous to claim that an appropriation of personal property by one joint owner to his personal use could divest the interest of the other joint owner or could in any way be presumed to have been by the consent of his co-owner. In order to change the joint ownership which presumptively existed, defendant was required to show that the ownership of Joseph Guilfoyle has been voluntarily surrendered. Of this there is no attempted proof.

143 N.Y.S. at 375.

Any question as to the status of the accounts in their original form is dispelled by the stipulations of the parties that the funds in the accounts were owned by Raymond and Melba as joint tenants with the right of survivorship. The trial court adopted that stipulation as its findings of fact with no objection in the record.

■ In 161 A.L.R. 72 (1946) in an annotation entitled *Power of one party to joint bank account to terminate the interests of the other*, the commentator states:

Under the doctrine prevailing in most jurisdictions wherein the point has been considered (see also supra, subhead "Withdrawal by joint tenant or tenant by entireties, generally"), the act of a joint tenant or tenant by entirety in withdrawing all the money from the account does not destroy the joint estate, or the estate by the entireties, as the case may be.

161 A.L.R. at 84.

We think this to be the better rule and hereby adopt it.

Appellees raise, in their brief, the fact that Melba gave Raymond a power of attorney prior to March 15, 1973, the date the parties stipulated that Melba was incompetent, and thereafter remained so. Raymond's attempts to alter the accounts were made after March 15, 1973. After notice of appeal appellees moved "to correct and to supplement the record on appeal" to provide that on March 12, 1973, three (3) days before her stipulated incompetency, Melba executed a power of attorney vesting Raymond with complete control over her assets. The motion was denied because it was unfair, untimely, and not stipulated to by the parties. This Court has repeatedly held that a party cannot raise for the first time on appeal issues that were not raised at trial. *Schreiber v. Armstrong*, 70 N.M. 419, 374 P.2d 297 (1962).

■ The funds involved in this appeal were the separate property of Melba and Raymond Morrow as joint tenants with the right of survivorship. No evidence supports the conclusion of the trial court that the actions of Raymond Morrow in altering the form of the accounts transmuted the funds into community property. To the contrary, Raymond's alteration of the funds did not destroy the joint tenancy. Melba Morrow, as the surviving joint tenant became the sole owner of the funds.

The decision of the trial court is reversed and remanded for proceedings in conformance with this opinion.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.